HENRY M. TRAIN, Appellant, *v.* THE HOLLAND PURCHASE INSURANCE COMPANY, Respondent.

Plaintiff authorized G., an insurance agent, to obtain an insurance for him in a good company. G. made application to defendant. He knew defendant's rates, and it was defendant's custom to charge premiums to G. G. advised plaintiff of this, and agreed to give him credit. Defendant accepted the application, and returned a policy to G., who delivered it to plaintiff after a loss. In an action upon the policy, *held* (FOLGER, J., dissenting), that the application was impliedly for an insurance at defendant's rates; that by the usage the premium was paid; and that defendant was bound by the policy.

The policy contained a clause avoiding it in case of other insurance, of which defendant was not notified. Plaintiff had a prior policy issued by the A. company, of which G. was agent. This at the time of the arrangement aforesaid plaintiff agreed to deliver to G., to be returned and canceled, any return premium to be credited to him. G. had prior thereto taken the surrender of policies issued by said company, and had canceled them, which acts had been approved by his principal. Plaintiff accordingly surrendered said policy to G., who retained it. The A. company declined to repay any part of the premium. The application for the policy in suit was not offered in evidence. *Held*, 1st. That the surrender of the policy by plaintiff and the acceptance thereof by G. with the intent on the part of both that it should cease to be a binding contract was in effect a cancellation thereof; that plaintiff was not affected by the neglect of G. to return it to the company; and that therefore at the time of the insurance by defendant there was no other insurance. 2d. It did not appear but that defendant was notified.

After the fire the A. company policy was taken from G. by plaintiff's counsel. *Held*, that if the policy had been once surrendered and the surrender accepted, the taking it back could not revive it; that it might or might not be an assertion that the policy had not been surrendered, which question was for the jury to determine.

Where the court at Circuit nonsuits plaintiff on the whole case, and an exception is taken, to enable him to present the exception to an appellate court for review, it is not necessary that he should ask permission to go to the jury upon the whole case or upon any question therein.

*Train* v. *Holland Purchase Ins. Co.* (1 Hun, 527; 3 T. & C., 777) reversed.

(Argued September 28, 1875; decided October 5, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a

judgment in favor of defendant, entered upon an order non-suiting plaintiff. (Reported below, 1 Hun, 527 ; 3 T. & C., 777.)

This action was upon a policy of insurance alleged to have been issued by defendant. Defendant denied the issuing of the policy, and alleged a prior insurance of which defendant was not notified and which, by the terms of the policy, rendered it void.

It appeared that in 1872 plaintiff had procured a policy upon the property in question in the Andes Insurance Company through Foster & Goggin, insurance agents in Potsdam, N. Y., and agents for said company. The plaintiff, having heard of the bankruptcy of the Andes Company, on the 21st of March, 1873, applied to Goggin for another insurance, proposing to give up the Andes policy. To this Goggin assented, and it was agreed that he would procure a good insurance. Evidence was given that defendant was mentioned, and it was also arranged that plaintiff should return the Andes policy, and should be credited with any return premium, and the plaintiff would pay the balance of the premium of the new policy. Goggin told the plaintiff the company would charge them the premium and they would wait on him for it. At that time it was the usage between the defendant and these agents for the former to charge them with the premiums upon all the policies applied for and forwarded by them, and at stated periods they settled, paying the aggregate amount of premiums charged, deducting commissions, etc. In accordance with this arrangement said agents sent on a written application on behalf of the plaintiff to the defendant, which was accepted by the defendant, who sent to the agents the policy in suit. By the terms of this policy and the conditions annexed thereto, insurance by the defendant took effect upon applications sent to the office of the company, the same day application is made to the agent, if application is approved by the president, etc. Immediately after the twenty-first of March, plaintiff brought the Andes policy and surrendered it to said

agents, with whom it remained until after the house insured was destroyed by fire. The policy in suit was received by the agents about the first of April. It was not handed to the plaintiff by the agents until the fourth day of April, after the fire. After the fire one of plaintiff's counsel took the Andes policy from the agents. The agent then had learned that no premium would be returned by the Andes, and so informed the plaintiff. No evidence of the statements in the application was given, and the application itself was not offered in evidence.

At the close of the case the defendant moved for a nonsuit on the grounds :

1st. That the policy of the defendant would take effect only from the time of the delivery to the plaintiff.

2d. That the premium was not paid ; and,

3d. That the Andes policy was not canceled, and not being communicated to the defendant, avoided the policy in suit.

This motion was granted and the plaintiff excepted.

*Samuel Hand* for the appellant. It was not necessary for plaintiff to ask specifically to go to the jury. (*Stone* v. *Flower*, 47 N. Y., 566 ; *Sheldon* v. *Atlantic Ins. Co.*, 26 id., 460.) The contract of insurance between plaintiff and defendant was binding, and took effect the day of plaintiff's application to its agents. (*Ellis* v. *Albany F. Ins. Co.*, 50 N. Y., 402 ; *Fried* v. *Royal Ins. Co.*, id., 243 ; Angell on Ins., §§ 31, 47 ; *Ellis* v. *Albany City Ins. Co.*, *supra*, and cases there cited by respondent's counsel ; *Trustees, etc.*, v. *Bklyn. Ins. Co.*, 19 N. Y., 305 ; *Hollock* v. *Commercial Ins. Co.*, 2 Dutcher [N. J.], 268 ; *Hyde* v. *Goodman*, 3 N. Y., 266 ; *Western* v. *Genesee Mut. Ins. Co.*, 12 id., 253.) There was a sufficient delivery of the policy. (*Excelsior Co.* v. *Royal Co.*, 7 Lans., 143 ; *Waring* v. *Indemnity Co.*, 45 N. Y., 606, 611, *Herkimer* v. *Rice*, 27 id., 181.) The premium as to defendant had been paid. (*Bouton* v. *Am. Life Ins. Co.*, 25 Conn., 546, 555 ; *Sheldon* v. *Conn. Ins. Co.*, id., 207 ; *N. Y. C. Ins. Co.* v. *Protection Ins. Co.*, 20 Barb., 468 ; *Thompson*

v. *Am. Life Ins. Co.*, 46 N. Y., 674; *Chase* v. *Hamilton Ins. Co.*, 22 Barb., 527; reversed in Court of Appeals but on another point; *Parker* v. *Arctic Ins. Co.*, 1 N. Y. S. C., 397; affirmed in Court of Appeals, November, 1874; *Pitner* v. *Glens Falls Ins. Co.*, 61 Barb., 335–345; *Carroll* v. *Charter Oak Ins. Co.*, 1 Abb. Ct. App. Dec., 316; *Baptist Church* v. *Brooklyn Ins. Co.*, 28 N. Y., 153, 161; S. C., 19 id., 305; *Goit* v. *Protection Ins. Co.*, 25 Barb., 189.) The agents had power to waive the condition of the policy that it should not be binding until the premium was paid. (*Bodine* v. *Exchange Ins. Co.*, 51 N. Y., 117; *Sheldon* v. *Atlantic Ins. Co.*, 26 id., 460; *Boehm* v. *Williamsburgh Ins. Co.*, 35 id., 131; *Bowman* v. *Agricultural Ins. Co.*, 2 N. Y. S. C., 261; affirmed in Court Appeals, January, 1875; *N. Y. C. Ins. Co.* v. *Protection Ins. Co.*, 20 Barb., 468; *Kelly* v. *Comm. Ins. Co.*, 10 Bosw., 82; *Whitaker* v. *Farmers' Mut. Ins. Co.*, 29 Barb., 312; *Fish* v. *Cottinet*, 44 N. Y., 538; *Field* v. *Mayor*, 6 id., 179; *Williams* v. *Fire Ins. Co.*, 54 id., 577; *Central Ins. Co.* v. *Protective Ins. Co.*, *supra*; *Wood* v. *Whitney*, 21 Barb., 190; *Fasdick* v. *Graff*, 22 How., 158; *Powers* v. *R., W. and O. R. R. Co.*, 5 N. Y. S. C., 449.) Defendant could not avail himself on the trial of a defence proved but not alleged. (*Williams* v. *Insurance Co.*, 54 N. Y., 577; *Redfield* v. *Insurance Co.*, 56 id., 354.) The fact that the agents knew all the facts with regard to the Andes policy when they received plaintiff's application, was a sufficient notification to the company. (*McEwen* v. *Montgomery Ins. Co.*, 5 Hill, 101; *Sexton* v. *Same*, 9 Barb., 191; *Carroll* v. *Charter Oak Ins. Co.*, 1 Abb. Ct. App. Dec., 316; *Wilson* v. *Genesee Ins. Co.*, 4 Kern., 418; *Hodgkins* v. *Montgomery Ins. Co.*, 34 Barb., 213.)

*George Bowen* for the respondent.

*Per Curiam.* The immediate question is, whether the motion for a nonsuit was properly granted, and the proper disposition of it is a matter of some difficulty. It depends

upon the fact whether before the fire the plaintiff had so con-
tracted with the defendant as that he was bound to pay the
premium.

If we leave out of view the matter of the policy from the
Andes company, we think it must be held that the plaintiff
was bound. He had authorized Goggin, the agent, to obtain
for him insurance in a good company. The jury might have
found from Goggin's testimony that the name of the defend-
ant's company was mentioned between them. But whether
so or not, the authority to apply for insurance in a good com-
pany, was an authority to apply to the defendant. (*Ellis* v.
*Alb. Fire Ins. Co.*, 50 N. Y., 402.) Then the application
sent by Goggin to the defendant was the application of the
plaintiff to the defendant, and as soon as it was accepted by
the defendant the contract between them was complete The
plaintiff was then bound to pay the premium, and the defend-
ant was bound to indemnify the plaintiff.

That the premium was not in fact paid, either to the
defendant or to Goggin, is of no matter. The defendant was
used to charge the premium to Goggin, and he had a right to
and did give credit to the plaintiff. It was by this usage paid
to the defendant; and so, that no rate was agreed upon. The
application was made by Goggin with authority from the
plaintiff. Goggin knew the rates of the defendant, and
applied for an insurance impliedly at those rates.

Now let us consider, whether the existence of the policy
from the Andes Company prevented that result. If
we call the arrangement between the plaintiff and Goggin
an agreement, the plaintiff had performed all that he under-
took to do. He had surrendered his policy in the Andes
Company to Goggin. Goggin, the agent of that company,
had before that taken the surrender of policies and had
canceled them, and his acts had been approved by his
principal. Had Goggin when the plaintiff left with him
this policy at once canceled it, if to cancel it required any
thing to be done by way of effacing it, then all would have
been completed between them which their agreement called

for.   For though it was agreed that whatever amount of premium should be returned should be credited, it was not agreed that there should be a specific amount or any amount. So that though the Andes Company declined to repay any part of the premium, all would have been done which was by the terms of the agreement of the plaintiff and Goggin positively to be done.   But it was not necessary that there should be a physical defacement of the policy.   A surrender of it by the plaintiff to Goggin and the acceptance of it by him as agent of the Andes Company, with the intention on the part of both that it should no longer be a contract between the plaintiff and the company, was in effect a cancellation of it.   It was a giving up of the contract by the plaintiff, and a "taking of it up" (which is the language of the agreement) by Goggin.   That Goggin did not send it to the company as he was to do did not affect the plaintiff, for the plaintiff had put it in his power to do so, and as to the plaintiff the contract was annulled.   It appears then that a jury might have found, that the plaintiff had kept his arrangement with Goggin, and was free from the Andes policy, and in a condition to apply to the defendant for insurance, the same as if the Andes policy had never existed.   And we have shown that in such case his application was accepted, and a valid contract, binding upon both the plaintiff and defendant, effected.

The taking afterwards of the Andes policy from Goggin by the plaintiff, or his lawyer, may or not have been an assertion that it had never been surrendered.   If it had been once surrendered, and the surrender accepted, the taking it back (after the fire as the jury might have inferred), could not revive the contract or make a new one.   Moreover, the plaintiff, in the position in which he was placed, had a right to take cautionary measures, and it was for the jury to say what was the meaning of the act.   (*Excelsior F. Ins. Co.* v. *Royal Ins. Co.*, 55 N. Y., 343.)

The policy has the condition that if the insured shall have other insurance, of which the defendant is not notified, it

shall be void. To this there are two answers : first, the jury might have found that the Andes policy was surrendered and taken up; second, the application was not put in evidence, and it does not appear that it does not contain a notification.

Where the court at Circuit nonsuits the plaintiff on the whole case, who excepts thereto, he is not required to ask specifically to be allowed to go to the jury upon the whole case or upon any question, to enable him to present his exception to a court of review.

We think that the court should have given the case to the jury with proper instructions, and for the error in not doing so, the judgment must be reversed and a new trial ordered.

All concur; except FOLGER, J., dissenting, and MILLER, J., not voting.

Judgment reversed.