GUSTAVUS ISAACS, Appellant, *v.* THE NEW YORK PLASTER WORKS, Respondent.

In an action to recover damages for an alleged breach by defendant of a contract to deliver plaster stone, plaintiff's evidence tended to show that defendant contracted to ship from N. S. and to deliver to plaintiff, at N. Y. or W., 3,000 tons of said stone during the season, the same to be delivered as fast as vessels could be obtained in N. S. to carry them, to be paid for on delivery. Defendant, during the season, shipped two cargoes of the stone to N. Y., delivery of which defendant, upon arrival, demanded and was ready to receive and pay for, but defendant refused to deliver. The court nonsuited plaintiff. *Held,* error; that the right to take the whole season for delivery was limited by the provision to ship as fast as vessels could be obtained; that the proof that defendant had shipped cargoes which arrived, was evidence that it could have obtained vessels before the close of the season; also, that as plaintiff was ready to receive and pay for the cargoes which did arrive, it was no defence to the action that he was not ready to receive and pay for the balance at the end of the season.

(Submitted September 22, 1876; decided October 6, 1876.)

. APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of defendant entered upon an order dismissing plaintiff's complaint on trial.

The action was brought to recover damages for an alleged breach of a contract to deliver a quantity of plaster stone.

The complaint alleged, and defendant's evidence tended to show, that on or about July 1, 1872, defendant contracted by parol to ship from Nova Scotia and to deliver to plaintiff at a dock in New York, or Williamsburgh, as plaintiff might designate on arrival, 3,000 tons of plaster stone at four dollars and fifty cents per ton, to be paid for on delivery; defendant to ship and deliver as fast as vessels could be obtained at Nova Scotia, to carry the stone. The season ran to January, 1873. Two cargoes were shipped in September and October, which, on arrival, were delivered to, received by and paid for under the contract. Two cargoes were thereafter shipped by the vessels "Kedron" and "Simpson." Upon their arrival plaintiff demanded delivery, designating a wharf, and offered to pay

the contract-price. Defendant refused to deliver. Plaintiff did not prove a demand or offer to pay for the balance of the 3,000 tons, or that he was at the end of the season ready and willing to pay therefor.

*G. A. Seixas* for the appellant.

*F. E. Dana* for the respondent. Plaintiff was bound to show a sufficient demand and tender of performance. (*Dunham* v. *Mann*, 8 N. Y., 508 ; *Nelson* v. *Plimpton F. E. Co.*, 55 id., 480 ; *Tipton* v. *Feitner*, 20 id., 425 ; *Lester* v. *Jewett*, 11 id., 453 ; *Medbury* v. *Furnival*, 56 id., 638 ; *Cunningham* v. *Jones*, 20 N. Y., 487 ; *Wheeler* v. *Garcia*, 40 id., 584 ; *Newton* v. *Wales*, 3 Robt., 453 ; *Akin* v. *Davis*, 43 Barb., 44 ; *Christ* v. *Armour*, 34 id., 378 ; *Hawkins* v. *Brown*, 30 id., 206 ; *Cook* v. *Ferral*, 13 Wend., 285 ; *Porter* v. *Rose*, 12 J. R., 209 ; *Topping* v. *Root*, 5 Cow., 404 ; *McDonald* v. *Williams*, 1 Hilt., 584.) Plaintiff was bound to allege and prove that he was ready to pay on delivery. (*Mount* v. *Lyon*, 49 N. Y., 552 ; *Coonley* v. *Anderson*, 1 Hill, 519 ; *Vail* v. *Adams*, 1 Seld., 155 ; *Bronson* v. *Winans*, 4 id., 182 ; Hil. on Sales, 507 ; *Russell* v. *Nicoll*, 3 Wend., 112 ; *Kein* v. *Tupper*, 52 N. Y., 550.)

ANDREWS, J. If, by the contract, the defendant had the whole season in which to deliver the plaster, and was not, under any circumstances, bound to deliver any part of it until the very close, the complaint was properly dismissed for two reasons ; first, the refusal to deliver the cargoes of the "Kedron" and "Simpson," which arrived in December, before the close of the season, was not a breach of the defendant's contract, and, second, the failure of the defendant to deliver the plaster at the close of the season, gave no right of action to the plaintiff, unless he was then ready to receive and pay for it. This he was bound to aver and prove, and no proof was given upon the subject. (*Porter* v. *Rose*, 12 J. R., 209 ; *Coonley* v. *Anderson*, 1 Hill, 519.) But the jury would have been authorized to find from the evidence that it was a part of the

contract that the defendant was to deliver the plaster in New York as fast as vessels could be obtained in Nova Scotia to carry it, and that the right to take the whole season for the delivery was not absolute, but was subject to the limitation mentioned. The proof that the defendant had shipped by the "Kedron" and "Simpson" in December, cargoes of plaster consigned to the defendant in New York, which arrived, was evidence that the defendant could have obtained vessels before the close of the season, and could have delivered on their contract with the plaintiff before that time, an amount of plaster equal to the cargoes of these vessels. The plaintiff on the arrival of the "Kedron," demanded the delivery of the cargo, and was ready to receive and pay for it, but the defendant refused to deliver it, giving no reason for the refusal, and the reason can only be inferred from the fact that plaster had then greatly advanced in price. The like demand was made on the arrival of the "Simpson," and delivery was also refused. It is evident that the parties did not contemplate a delivery of the whole 3,000 tons at one time. The plaintiff was to receive it as vessels arrived, from time to time, and payment was to be made as each cargo was delivered. This is the plain inference from the contract, and is the practical construction put upon it by the parties. We are of opinion that the case should have been submitted to the jury upon the question whether there was a breach of the defendant's contract to deliver the plaster as fast as vessels could be procured to carry it.

If the plaintiff was ready to receive and pay for the cargoes of the "Kedron" and "Simpson," it is no answer to the action that he was not ready to receive and pay for the balance of the plaster remaining undelivered at the end of the season, and if the defendant is entitled to damages for any subsequent breach of the contract by the plaintiff, they may be recovered in an independent action, or they might have been made the subject of a counter-claim. (*Tipton* v. *Feitner*, 20 N. Y., 425.)

The judgment should be reversed and a new trial granted.
All concur.
Judgment reversed.