JAMES M. ORMES, Respondent, *v.* SAMUEL T. DAUCHY et al., Appellants.

The law will not presume a contract illegal, or against public policy and so void, when it is capable of a construction which will make it lawful and valid.

A contract made in this State to advertise a lottery in other States, in the absence of proof that such advertisement is in violation of the laws of those other States, will not be held illegal.

Defendants contracted with plaintiff's firm that if the latter would procure for them the advertising work of a Virginia corporation, to be done in various newspapers throughout the country, that they would pay said firm ten per cent on the moneys received by them. A list of 1,130 newspapers was produced, 200 of which were published in this State and the contract, as testified to by one of the defendants, was for a publication in the entire list. Through the efforts of said firm, defendants procured a contract for the advertising. In an action to recover the stipulated percentage, the defense was that the contract was for the publication of lottery advertisements and so was illegal. The contract between defendants and the Virginia corporation was not produced by them. No evidence was given of a publication in any newspaper in this State, and the monthly bills rendered by defendants for the publication were much less than what was stated to be the charge for all the papers in the list. There was no proof that the contract was in violation of the laws of Virginia, or that the laws of any other State were violated. *Held*, that it was a question of fact for the jury whether the contract with the corporation embraced any newspaper published in this State; that, as it appeared, defendants had control of the contract and did not produce it, every intendment was against them; that a contract to advertise in other States was not shown to be illegal; and that, therefore, a refusal to dismiss the complaint was not error.

After the motion to dismiss the complaint was denied, defendants not having requested that any question of fact should be submitted to the jury, the court directed a verdict for plaintiff. *Held*, that an exception to this direction was not available; that defendants should have asked to go to the jury upon the facts if they desire it.

Where a defendant moves for a nonsuit or rests his defense upon propositions of law and does not request to go to the jury, and his motion is denied, or the law held adversely to him, he is estopped from raising the point upon appeal that there were questions of fact which should have been passed upon by the jury.

(Argued October 7, 1880 ; decided November 9, 1880.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, in favor of plaintiff, entered upon an order denying a motion for a new trial and directing a judgment on a verdict. (Reported below, 13 J. & S. 85.)

The nature of the action and the facts appear sufficiently in the opinion.

*Nathaniel C. Moak* for appellants. The contract between the parties being that plaintiff should be paid for his services and efforts in bringing the parties together to make an illegal contract in case they made one, and that the amount of his compensation should depend upon a per centage on the amount of that illegal contract, he was not entitled to recover. (*Harris* v. *Brisbane*, 16 N. Y. 512; *Wight* v. *Gilman*, 6 Mass. 1, 6; *Mitchell* v. *Smith*, 1 Binn. 118; *Siedenhender* v. *Charles' Admrs.*, 4 S. & R. 159; *Coppell* v. *Hall*, 7 Wall. 558; *Holt* v. *Green*, 73 Penn. St. 201; 13 Am. Rep. 739; *Rose* v. *Truax*, 21 Barb. 361; *Tyler* v. *Yates*, 3 id. 228; *Leavit* v. *Palmer*, 3 N. Y. 19; *Talmadge* v. *Pell*, 7 id. 328; *Edelmuth* v. *McGarren*, 4 Daly, 467; *Negley* v. *Devlin*, 12 Abb. [N. S.] 210; *Rolfe* v. *Delmar*, 7 Rob. 80; *Simpson* v. *Bloss*, 7 Taunt. 246; Story on Agency, § 348; 1 Story on Cont. [5th ed.], § 762; *Toler* v. *Armstrong*, 4 Wash. C. C. 297, 299; affirmed, 11 Wheat. 258, 268; *King* v. *Winants*, 71 N. C. 469, 472; Bish. on Cont., § 458; *Hull* v. *Ruggles et al.*, 56 N. Y. 424; 65 Barb. 432; *Stackpole* v. *Earle*, 2 Wilson, 133; *Tompkins* v. *Bennett*, 1 Salk. 22; Co. Litt. 234; *Sir Arthur Ingram's Case*, 16 Viner, 126, pl. 3; *Smith* v. *Coleshill*, 1 Rolle's Abr. 16; 1 Rolle's Rep. 313; Dyer, 18, pl. 13; 2 Smith's Lead. Cas. [7th Am. ed.] 283, m. p. 306; *Watson* v. *Fletcher*, 7 Gratt. [Va.] 1; *Clancy* v. *Onondaga, etc.*, 62 Barb. 395, 407; *Bell* v. *Quin*, 2 Sandf. 146, 151; *Blythe* v. *Levingood*, 2 Ired. 20; *Pease* v. *Walsh*, 39 N. Y. Sup. Ct. 514; 49 How. Pr. 269; *Gray* v. *Cook*, 4 N. Y. 459; *Melchoir* v. *McCarty*, 31 Wis. 254; *Stebbins* v. *Leowolf*, 3 Cush. 137; *Bayley* v. *Rawlins*, 7 L. J. K. B. 208; 1 Wharton on Agency, § 334; *Livermore* v. *Bushnell*, 5 Hun, 285; 2 Chitty on Cont. [11th Am. ed.] 980; *Pearce*

v. *Brooks*, L. R., 1 Exch. 212; *McKinnell* v. *Robinson*, 3 M. & W. 434; *Treat* v. *Jones*, 28 Conn. 334; *Arrington* v. *Sneed*, 18 Tex. 135; Addison on Cont. [6th Eng. ed.] 735; *Crawford* v. *Russell*, 62 Barb. 92.)

*John E. Risley* for respondent. The law will not presume an agreement void, as illegal or against public policy when it is capable of a construction which would make it consistent with the law and valid. (*Curtis et al.* v. *Gokey*, 68 N. Y. 304.) The plaintiff could recover the commission sued for, even though the contract subsequently made between the defendants and the Virginia company was illegal. (*Tracy* v. *Talmage*, 14 N. Y. 169; *Holman* v. *Johnson*, Cowp. 341; *Faikney* v. *Reynous*, 4 Burr. 2069.) Defendants cannot raise the question, under their general exception to the direction of a verdict for the plaintiff, that the court ought to have submitted to the jury whether the defendants were to pay the commission as the money was paid to them, or not until they had been paid the full contract price of the work. (*Dows* v. *Rush*, 28 Barb. 157; *Bidwell* v. *Lament*, 17 How. Pr. 357; *Mead* v. *Northwestern Ins. Co.*, 7 N. Y. 530; *Plumb* v. *Cattaraugus Co. Ins. Co.*, 18 id. 392; *Winchell* v. *Hicks*, id. 558; *O'Niell* v. *James*, 43 id.; *Strong* v. *N. Y. Laundry Co.*, 6 Hun, 528; *Trustees of East Hampton* v. *Kirk*, 68 N. Y. 459; *Muller* v. *McKesson et al.*, 73 id. 198.)

MILLER, J. This action was brought to recover of the defendants commissions upon a contract for advertising, which was procured by the plaintiff and his partner, one Niles, for the defendants, who were advertising agents. The defendants agreed with the plaintiff and his partner that if they would obtain the employment of the defendants, by the officers of a Virginia corporation, to procure the advertising work of the association to be done in various newspapers throughout the country, the defendants would pay the plaintiff and his partner ten per cent on the contract price of the advertising done. The contract for the advertising was obtained by means of

plaintiff and Niles, who assigned his interest therein to the plaintiff; but the proof does not show the exact nature or the terms of such contract, and it was not introduced in evidence upon the trial. The defendants set up as a defense, that by the contract the defendants agreed to print and publish, in various newspapers in the State of New York and elsewhere, notices showing where tickets could be purchased in a lottery, owned and conducted by the corporation referred to, and claimed that the contract was illegal and void under the statutes of this State relating to lotteries, and that no recovery can be had for that reason.

The question to be determined, is whether an illegal contract was made by the plaintiff and his associate, Niles, with the defendants, for the publication of a lottery advertisement, in violation of the statutes of the State of New York, which prevented a recovery. This question was raised at the close of the plaintiff's testimony and of the case, by a motion to dismiss the complaint upon the ground that the contract was void and against public policy, which motion was denied and an exception taken by the counsel for the defendants. If the contract was for an advertisement of a lottery scheme in violation of the statute (1 R. S. 665, § 28), then the judge erred upon the trial in denying the motion. A proper determination of this question requires to some extent a consideration of the testimony given upon the trial. It appears that the plaintiff sent his partner to see the defendants, and also called upon them, and that they were informed that the plaintiff had an acquaintance in Virginia who was getting up a lottery and intended to advertise it, and he thought he could influence him to make a contract with the defendants for the advertising, and left copies of such advertisement with the defendants, which, upon its face, showed that it was a lottery, or in the nature of a lottery; and the defendants agreed that if they made a contract for the publication of the advertisement with the Virginia corporation, they would pay ten per cent, upon receiving money from the parties upon the contract, to the plaintiff and his partner. It was stated by Niles that they wanted to advertise all

over the country, and also in some New York city papers. A list of eleven hundred and thirty country newspapers was produced, which contained the names of two hundred papers published in the State of New York. One of the defendants testifies that the contract was to print the advertisement in the entire list. It also appears, from a written statement introduced in evidence as to the contents of the list, that after stating that it contained the names of two hundred newspapers published in the State of New York, it also contained the names of newspapers published in other States, and concluded by stating as follows, viz.: "In all of which the advertisement, Exhibit B, was published." As there is a period after the statement as to the New York newspapers, and the commencement of a new sentence as to the others, the word " all " and what follows must be construed as referring only to the latter newspapers, and as not including those in the State of New York. The defendants' testimony, however, was to the effect that the contract was substantially for a publication in the entire list. The contract entered into between the defendants and the Virginia company was in writing, was not produced by the defendants upon the trial, and was proved to have been sent to their attorney in Virginia and not returned, and hence it is not entirely clear that it embraced newspapers in the State of New York; and as the defendants had control over the contract and did not produce it, every intendment is against them as to its including news-papers in the latter State. It being thus uncertain as to the exact nature of the contract, and no evidence being given of a publication in any newspaper in the State of New York, and proof being given to show that the monthly bills rendered by the defendants for the publication were far less than what was originally stated to be the charge for all the newspapers on the list, it was a question of fact for the consideration of the jury whether the contract embraced any newspapers published within the State of New York. Such being the case, there was no error committed by the judge in denying the motion to dismiss the complaint, unless the contract to advertise in other States was illegal and void. This, we think, was

not the case in this State. In *Charles* v. *The People* (1 Comst. 184), which arose upon writ of error upon a conviction upon an indictment for a violation of the statute cited, BRONSON, J., says: "Our legislature has no extra-territorial jurisdiction; and when it forbids, in unqualified terms, the doing of an act, it must always be understood that the thing is only forbidden within this State." The publication, therefore, outside of the State was not within the prohibition of the statute of this State; and as there is no proof that the law of any other State was violated, and as the law will not presume an agreement void as illegal, or against public policy, when it is capable of a construction which would make it consistent with the laws and valid, it cannot be considered as illegal. (*Curtis* v. *Gokey*, 68 N. Y. 304.) Even if it be conceded that at common law lotteries are nuisances and illegal, and that the presumption is that the common law prevails in other States, this rule cannot be invoked to sustain a defense to a contract which was legal and valid in the State where it was made.

In regard to the State of Virginia, it may be remarked that there is no direct proof that the contract made was invalid by the laws of that State.

At the Circuit the judge directed a verdict in favor of the plaintiff to which the defendants excepted. It is now claimed that the defendants, having relied upon their motion to dismiss the complaint, and not having requested that any fact be submitted to the jury, it cannot be properly urged that there was any question of fact for the jury. We think that the defendants should have asked to go to the jury upon the facts, and the exception to the ruling and direction of the court is not, under the circumstances, available. The rule is, that where parties have, by motion for a nonsuit, or by resting their defense upon certain propositions of law, waived their right to go to the jury, and have not requested to go to the jury after the motion for a nonsuit is denied or the law held adversely to them, they are estopped from taking the point in the appellate court that there were questions to be passed upon by the jury. (*Trustees of East Hampton* v. *Kirk*, 68 N. Y. 459, 464; *Win-*

*chell* v. *Hicks*, 18 id. 558 ; *O'Neill* v. *James*, 43 id. 84.)   In 68 N. Y. (*supra*) a verdict was directed in favor of the defendant, and it was held that where there was a general exception, in the absence of any thing from which it might be implied that the right to go to the jury had been waived, a special request was not required.   In the case at bar a motion was made to dismiss the complaint, which was denied, thus bringing this case within the reason of the rule laid down in the opinion of the court in the case last cited.   (See, also, *Muller* v. *McKesson*, 73 N. Y. 198.)   The case of *Train* v. *Holland Purchase Ins. Co.* (62 N. Y. 598), where a nonsuit was granted and an exception taken to the ruling, is different from one where the motion for a nonsuit is denied, and is not in conflict with the cases to which we have referred.

There was no error on the trial in the direction given to the jury.   No other question in the case requires discussion, and the judgment should be affirmed.

All concur.

Judgment affirmed.