Brady, J.
The plaintiff’s allegations were that he had employed the defendant as an attorney and counsellor to collect monies due on a bond and mortgage.
That the latter had collected on plaintiff’s account a sum named and that he had paid a part thereof, leaving a balance due which the defendant had appropriated to his own use.
The defendant denied all these allegations except as to payment of part and as to the alleged balance deducting the sum paid. Upon the trial the plaintiff in the presentation of his case failed to satisfy the justice then presiding that the defendant had been employed by him in the capacity mentioned and the complaint was dismissed. No exception was taken to that disposition, but the plaintiff asked for liberty to go to the jury upon the question at issue which was refused, and exception duly taken. This request it should be noted was made after the motion to dismiss and before any decision was made or the defendant had been heard in his defense. The court of appeals have held that when the complaint is dismissed on the whole case, it is not necessary to ask to go to the jury, for exception then taken presents the case for review. Train v. Holland Insurance Co , 62 N. Y., 598.
They did not decide the converse of that proposition which is substantially the point made upon that case, is not necessary to consider that question, however, as the *241 merits will be considered; nevertheless it may be said that when the motion to dismiss the complaint and the plaintiff’s motion for leave to go to the jury are substantially simultaneous, the exception taken to a denial of the latter is sufficient to secure the right of appeal. ,
, It is as suggested by the learned counsel for the plaintiff equivalent to an exception to the granting of the motion to dismiss.
The proofs show that the bond and mortgage referred to were by agreement dated February 27th, 1880, assigned by the plaintiff to one George J. Wood, who in consideration of the transfer agreed to place them in the hands of the defendant for collection and to pay to the plaintiff one-third of the moneys collected and to instruct the defendant forthwith to pay over to the plaintiff such one-third. The agreement was in writing, and there was no contention about its meaning. The defendant agreed also, at the same time to carry out the terms of the compact between plaintiff and Wood as to the one-third interest so far as he was concerned. It appears therefore that Mr. Wood employed the defendant to enforce the bond and mortgage and all promises growing out of the transaction indicated made by the defendant to the plaintiff herein were upon contract only, not as his attorney but of Wood to whom the assignee of the instruments sued upon and necessarily plaintiff in the action upon them if any, he was responsible only in that character. A mere technical relation of that kind even if it exists will not suffice inasmuch as the result may involve the liberty of defendant under section 549 of the Code. The plaintiff was in error in predicating this action upon the allegation of the engagement of the defendant as his attorney and counsel. If that had not been made, or the complaint had been amended by withdrawing it, his action might have proceeded. All the promises made by the defendant cannot change the effect of this rule. They must obviously relate to the nature of the defendant’s employment, and when properly presented may be effectual, but not in this action.
For these reasons tire judgment must be affirmed, with costs.
Van Blunt, P. J.j and Daniels, J., concur.