By the Court.—Freedman, J.
As the verdict of the jury shows that upon the second cause of action their finding was for the defendant, it is only necessary to consider the disposition which was made of the issues concerning the first^ cause of action. Upon this branch of the case the trial judge held that the defendant had not proved, or given evidence that tended to prove, that he had a right, if dissatisfied, to withdraw the child from plaintiff’s professional treatment at the end of six months. Entertaining this view, and the answer admitting a contract for a year, the judge instructed the jury to find a verdict for the plaintiff in the sum of $350 with interest which remained due under the contract between the parties as the judge assumed it was proven.
To such instruction the counsel for the defendant excepted. The exception is untenable because it is a general one, and because on examination the evidence is found to be insufficient in the particulars stated by the judge. If there was any other question upon which *336 the defendant claimed the right to go to the jury, it was the duty of the counsel for the defendant to point it out and to insist upon its consideration.
What then occurred is as follows, viz.: Defendant’s counsel asked that the jury should be charged that if they should find “ that the agreement was, at the time of the payment of the first $350, and of the making of the contract for one year, that a certain instrument should be made within six weeks, and if that instrument was not made, then the plaintiff had broken his contract, and was not entitled to recover anything whatever.” The court refused so to charge and said: “I do not think that the evidence would warrant any such conclusion. ' The mere expectation on the part- of the doctor that he would have an instrument of that kind, or that the child would be able to walk in six weeks, or in any other time, as testified to by the witness for the defense, does not constitute an agreement.”
To this ruling no exception was taken, nor was a request made that the question of fact therein referred to should be submitted to the jury. By doing neither and failing to do both, the defendant acquiesced in the ruling and waived the right, if any he had, to have such question submitted.
This being so, and the general exception taken to the direction of the verdict applying only to the specific reasofi assigned for the direction, and the reason so assigned being a good and valid one, the decision of The Trustees of East Hampton v. Kirk, 68 N. Y. 459, does not apply, but the case is controlled by the principle of the decisions of Muller v. McKesson, 73 N. Y. 195, and Ormes v. Dauchy, 82 N. Y. 443.
Upon the whole case nothing appears which constitutes ground for reversal.
The judgment and order should be affirmed with costs.
Sedgwick, Ch. J., and Ingraham, J., concurred.