(85 App. Div. 196.)

## VEEDER v. SEATON.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. BROKERS—RIGHT TO COMMISSION—CONTRACT IN WRITING.
   An agent who procures a purchaser ready and willing to purchase at the terms fixed is entitled to his commission, though the contract is not in writing, on the principal refusing to perform by delivery and acceptance of the price.

2. DISMISSAL OF COMPLAINT—RIGHT TO REVIEW.
   Where defendant alone moves that the court dispose of the case without the aid of the jury, plaintiff, by merely excepting to the dismissal of the complaint, is entitled to a review thereof, and need not request to go to the jury.

Appeal from Trial Term, Schenectady County.

Action by R. De Witt Veeder against Albert J. Seaton. From a judgment dismissing the complaint on the whole case, as to the second cause of action alleged in the complaint, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHES-
TER, and HOUGHTON, JJ.

Loucks & Loucks, for appellant.
Klock & Phillips, for respondent.

HOUGHTON, J.　The second cause of action set forth in the com-
plaint is for commissions in effecting the sale of an automobile.

The plaintiff was agent for the defendant for the sale of automobiles
in the territory embraced within the counties of Albany, Schenectady,
and Montgomery.　Shortly after his appointment as agent he effected
a sale of a Winton touring car to one Mallett, residing in the city of
Albany, at the agreed price of $2,000, which was the price stipulated
by the defendant.　The machine was to be delivered the 20th of June
following.　The terms of sale prescribed by the defendant required
that $200 be paid upon obtaining the order.　This the prospective pur-
chaser refused to make.　The order was communicated by the plaintiff
to the defendant, and the plaintiff testified, upon the trial, that he in-
formed the defendant that the purchaser would not make the payment
of $200, but was willing to pay the full price of $2,000 on the delivery
of the machine; and that the defendant inquired as to the responsi-
bility of the purchaser, and, upon learning that he was entirely re-
sponsible, agreed to waive the payment and deliver the machine.　The
machine was not delivered on the prescribed date, but was promised,
as testified by plaintiff, from time to time, without any objection on
the part of the defendant that the preliminary payment had not been
made.　The purchaser was anxious for the delivery of the machine,
and wrote several letters asking that it be delivered, and inquiring
why it had not been.　Considerable of the negotiation was had with
one Birdsall, and the respondent makes the point that Birdsall had
no right to waive the preliminary payment.　But the testimony shows
that Birdsall was the manager of the defendant, and incidentally it
is disclosed, although not pleaded by the answer, that Birdsall was in
fact partner of the defendant.　Whatever Birdsall did, therefore, was
the act of the defendant, with respect to accepting the order and waiv-
ing payment and agreeing to deliver a machine.

The testimony of the plaintiff and Mallett showed that the plaintiff
procured a responsible purchaser who had agreed to buy a machine at
the defendant's price, and who was ready and willing to accept and
pay; and the plaintiff, therefore, upon defendant's refusal to perform
by delivery and acceptance of price, was entitled to his commission.

The contract of sale of the automobile to Mallett was not in writing,
and therefore might have been taken advantage of by him when the
machine was tendered; but that fact did not prevent the agent from
earning his commissions when he effected a sale to a responsible party
at the stipulated price, or terms waived, and accepted by the defendant.
A contract for the sale of real estate, to be binding, must be in writing;
but an agent who has been authorized to make a sale at a certain price
earns his commission when he has procured a purchaser ready and
willing to purchase at the terms fixed, with whom the vendor refuses
to contract, or to whom he refuses to convey upon payment.　Mooney
v. Elder, 56 N. Y. 238.　The defendant and Birdsall denied the ac-

ceptance of the order and the waiver of the first payment, and it is possible that their version of the transaction was the more reasonable, and that they were right in their statements; but nevertheless the plaintiff was entitled to have the jury pass upon his version of what took place. The learned trial court must have overlooked the fact that the plaintiff's testimony established full performance on his part of all that he was required to do in order to earn his commission, and it was error to dismiss the complaint as matter of law.

The respondent insists that the plaintiff has waived his right to complain of the dismissal of the complaint because he did not request to go to the jury upon the issues. No motion was made by the plaintiff for direction of a verdict in his favor. A party who requests, by motion, that the court dispose of the case without the aid of the jury, cannot complain that the issues were not passed upon by them; and, where each party makes such a request, neither can complain that the jury should have been allowed to decide, for by such motions both consent that all of the issues be passed upon by the court. But where one party only makes the motion, and the other remains silent, no such consent can be implied, and the propriety of the ruling is brought up by mere exception. Walker v. Phœnix Ins. Co., 89 Hun, 333, 35 N. Y. Supp. 374; Train v. Holland Purchase Ins. Co., 62 N. Y. 598; Pratt v. D. H. M. F. Ins. Co., 130 N. Y. 206, 29 N. E. 117.

The judgment, so far as appealed from, is reversed, and new trial granted as to the second cause of action set forth in the complaint, with costs to the appellant to abide the event. All concur.