ROSENSTEIN et al. v. TRADERS' INS. CO. OF CHICAGO, ILL.

(Supreme Court, Appellate Division, Fourth Department. March 1, 1905.)

1. FIRE INSURANCE—POLICY—"CHANGE OF TITLE, INTEREST, OR POSSESSION"— QUESTION FOR JURY.

In an action on a policy of fire insurance providing that any change, other than by the death of the insured, in the interest, title, or possession of the subject of insurance, without the consent of the insurer, should render the policy void, where it appeared that the insured conveyed the property to his son without the insurer's consent, and the insured and his son testified that there was no change of ownership or possession under the transfer, whether the presumption of delivery and transfer created by the recording of the deed was overcome by their testimony was a question of fact for the jury.

2. QUESTION OF FACT—DIRECTION OF VERDICT—APPEAL.

Where a party entitled to have a question of fact passed on by the jury moves the court for the direction of verdict in his favor, and the motion is sustained, he is, on appeal, not entitled to the benefit of a settlement in his favor of the question of fact, and hence must rest on the proposition that he is entitled to a judgment, as a matter of law, on an interpretation of the evidence most favorable to the other party.

3. SAME.

The mere .fact that one party requests to have a verdict directed in his favor does not involve a concession that there does not exist, on the evidence, a question of fact to be settled in favor of the other party before such other party would be entitled to recover.

4. SAME—WAIVER.

An exception by defendant to the direction of a verdict for plaintiffs sufficiently shows that defendant did not intend to concede that plaintiffs were entitled to recover, as matter of law, or to waive the submission of any questions of fact.

5. SAME.

Where the strict application of the rule that a party has waived the submission of questions of fact to the jury would work injustice, it may be waived or disregarded by an appellate court.

6. FIRE INSURANCE—POLICY—"CHANGE OF TITLE, INTEREST, OR POSSESSION"— CONSTRUCTION.

Under a policy of fire insurance providing that any change, other than by the death of the insured, in the interest, title, or possession of the subject of insurance, without the consent of the insurer, should render the policy void, proof that, by and in accordance with the mutual plans

and intentions of the insured and his son, a conveyance of the property by the insured to his son was executed for the purpose of so transferring the title of the property to the son that he could give a clear title on an expected sale to a third person, and save the title and transfer from being incumbered or embarrassed by any proceedings on a judgment which existed against the father, and that it was the expectation and plan that the title should be so transferred from the father to the son that it could not be touched by proceedings on the judgment, and the proposed sale interfered with, a change of title was contemplated and desired, which at least should be effective for some purposes, and hence came within the prohibition of the policy.

Action by Solomon Rosenstein and another against the Traders' Insurance Company of Chicago, Ill. On motion for new trial on defendant's exceptions. Exceptions allowed, and new trial granted.

See 79 N. Y. Supp. 736.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

V. Cole and E. L. Jellinek, for plaintiffs.
McGuire & Wood, for defendant.

HISCOCK, J. This action is brought to recover the amount of an insurance policy issued by defendant to the plaintiff Rosenstein, and by him subsequently made payable to the plaintiff association. It has once before been before this court upon appeal, and a judgment obtained by plaintiffs for the amount of their policy reversed upon the ground that the insured, Rosenstein, had made a transfer and conveyance of the property insured to his son, which came within the prohibition of the insurance policy against "any change other than by the death of the insured  *  *  *  in the interest, title or possession of the subject of insurance whether by legal process or judgment or by voluntary act of the insured or otherwise," without the consent of the insurer. Before the fire a conveyance was executed by Solomon Rosenstein, running to his son, and duly recorded. It has been claimed by the plaintiffs, however, that there was no actual, effective delivery of this conveyance, or change of possession thereunder, or intention to have it operative, as between the parties, in really transferring the title and ownership of the property covered.

Plaintiffs upon this appeal occupy a less advantageous position than upon the former one. It is undisputed that the recording of the deed from the insured to his son created a presumption of delivery and resulting transfer of title and ownership to and of the property in question. The insured and his son have attempted to rebut and overcome this presumption by testimony relating to the delivery of the deed, and the intention thereby to accomplish a transfer of title and ownership, and tending to show that there was no change in ownership or possession under the transfer. These witnesses were both interested, and their evidence in contradiction of the presumption of delivery and transfer referred to created an issue of fact to be passed upon by the jury. Ten Eyck v. Whitbeck, 156 N. Y. 341, 50 N. E. 963. The plaintiffs came to this court upon the former appeal with findings by the trial court in their favor upon these issues of fact. Upon the present appeal they stand upon a verdict directed by the court, and thus

without the benefit of a settlement in their favor of the questions of fact referred to. They are thus compelled to rest upon the proposition that they are entitled, as a matter of law, and upon an interpretation of the evidence most favorable to the defendant, to a judgment. It is clear that they cannot successfully maintain this proposition.

We do not, of course, overlook the general rules that where, upon the close of the evidence, each side asks to have a cause disposed of as involving only questions of law, any questions of fact actually existing will be regarded as having been so decided as to sustain the disposition made by the trial judge; also that, under certain circumstances, a party who asks to have a cause disposed of as involving only questions of law, and neglects specifically to request the court to submit issues of fact, will be deemed to have waived his right to have such issues of fact passed upon by the court or jury. We do not think, however, that these rules are applicable under the circumstances of this case, or relieve plaintiffs from the necessity of a verdict or decision in their favor upon the issues of fact involved. The counsel for the defendant asked to have a verdict directed in favor of the defendant, as he was reasonably justified in doing, in view of the decision of this court upon the former appeal. We do not think that this request in any manner involved a concession that there did not exist, upon the evidence, a question of fact necessary to be settled in favor of plaintiffs before they could recover upon their theory. The disposition of the case upon the former trial, the evidence upon the present one, and the remarks of plaintiffs' counsel all indicated clearly that there was such question of fact involved in plaintiffs' version. The motion of defendant's counsel amounted simply to a claim that, even if this question of fact was settled in plaintiffs' favor, defendant was still entitled to a dismissal of the complaint, and his exception to the direction of a verdict by the learned trial judge fairly and clearly indicated that he did not intend to concede that plaintiffs were entitled to recover as a matter of law, or to waive the submission of any questions of fact.

The rule holding parties to a waiver of the right to go to a jury is based upon reason, and governed somewhat by the circumstances of the particular case, and we think that there was no waiver here, within the principles laid down in Trustees v. Kirk, 68 N. Y. 459, 464; Ormes v. Dauchy, 82 N. Y. 443, 448, 37 Am. Rep. 583; Train v. Holland Purchase Ins. Co., 62 N. Y. 598. Moreover, where the strict application of this rule would work injustice, it may be waived or disregarded by an appellate court. Muller v. McKesson, 73 N. Y. 195, 198, 29 Am. Rep. 123.

If, however, we are wrong in the view thus taken as to the disposition of the case, and if we should assume that the questions of fact indicated have been decided in plaintiffs' favor, we should still regard the case as coming within the principles of our former decision, and hold that plaintiffs were not entitled to recover. In its essential character, the testimony does not materially differ from that which was offered upon the first trial. The plaintiffs have endeavored to amplify and brace their claim that there was no intention to make a transfer of the property in question which should be effective as between the father and the son, and that the ownership was to remain in the former, un-

affected and unincumbered. After all that the parties are able to say upon this subject, however, it does clearly and undisputably stand out that, by and in accordance with the mutual plans and intentions of the grantor and grantee, this conveyance was executed for the purpose of so transferring the title of the land to the son that he could give a clear title upon an expected sale to a third party, and save the title and transfer from being incumbered or embarrassed by any proceedings upon the judgment which was held against the father. It was the expectation and plan that the title should be so transferred from the father to the son that it could not be touched by proceedings upon the judgment, and the proposed sale interfered with. A change of title was contemplated and desired, which at least should be effective for some purposes, and we think that the parties came within the prohibition of the clause in the insurance policy to which we have already referred.

Defendant's exceptions allowed, and a new trial granted, with costs to defendant to abide event.

All concur: McLENNAN, P. J., and SPRING, J., upon the ground that there was a question of fact in the case which should have been submitted to the jury.