## REID v. AMERICA CO.

### (Supreme Court, Appellate Term.  June 21, 1912.)

1. SALES (§ 406*)—ACTIONS BY SELLER FOR BREACH—TENDER.

    In an action by the buyer of a motor car for failure to deliver the car, uncontradicted evidence that the seller did not have the car at the time, while an excuse for the buyer's failure to tender the price, is not an excuse for his failure to aver and prove readiness to pay it.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1156–1158; Dec. Dig. § 406.*]

2. TRIAL (§ 164*)—DIRECTED VERDICT—RIGHT TO GO TO JURY.

    Defendant's motion to dismiss the complaint at the close of the whole case does not deprive him of the right to go to the jury upon seasonable request after the denial of his motion.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 372; Dec. Dig. § 164.*]

Appeal from City Court of New York, Trial Term.

Action by Edward J. Reid against the America Company.  From a judgment for plaintiff, defendant appeals.  Reversed and remanded.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Latson, Tamblyn & Pickard, of New York City (Ward W. Pickard and Norman W. Cole, both of New York City, of counsel), for appellant.

Philip S. Saitta, of New York City (Louis Levy, of New York City, of counsel), for respondent.

BIJUR, J.  The case involved the interpretation of an agreement claimed by plaintiff to be one for the sale of an automobile by the defendant, and by the defendant to be merely an assignment of a claim which it had against the automobile manufacturer, together with a stipulation that the claim might be used by plaintiff, in accordance with the previous understanding with the manufacturer, in part payment for a car.

[1] Defendant's motion for a dismissal of the complaint should have been granted, as there was neither allegation in the complaint nor proof that the plaintiff was ready and willing to pay for the car at the time alleged to have been fixed for its delivery.  Uncontradicted evidence that the defendant did not have the car at the time, while an excuse for failure on plaintiff's part to tender the price, is not an excuse for failure to aver and prove readiness to pay it.  Isaacs v. N. Y. Plaster Works, 67 N. Y. 124; Armstrong v. Heide, 47 Misc.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Rep. 610, 94 N. Y. Supp. 434; Pope v. Terre Haute Mfg. Co., 107 N. Y. 65, 13 N. E. 592.

On the question of the interpretation of the contract, evidence of the negotiations preceding it raised a distinct issue.

[2] After defendant moved to dismiss the complaint at the close of the whole case, and his motion had been denied, he asked to go to the jury. The learned trial court seems to have been of the opinion that he had waived this right by his motion to dismiss. Such, however, was not the case (Dillon v. Cochroft, 90 N. Y. 649, 650; Ormes v. Dauchy, 82 N. Y. 443, 448, 37 Am. Rep. 583; Robbins v. Springfield F. I. Co., 149 N. Y. 477, 483, 44 N. E. 159; Second National Bank v. Weston, 161 N. Y. 520, 521, 528, 55 N. E. 1080, 76 Am. St. Rep. 283), and the denial of defendant's request constituted further error.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.