STOCKING v. SEED FILTER & MFG. CO., Inc.

(Supreme Court, Appellate Term, First Department.　October 25, 1915.)

1. TRIAL ☞143—QUESTIONS FOR JURY—CONFLICTING EVIDENCE.

In an action on an admitted indebtedness, plaintiff's testimony that the indebtedness was payable absolutely made a question for the jury, though there was introduced a written admission by him that the indebtedness was to be payable only out of dividends declared by defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. ☞143.]

2. APPEAL AND ERROR ☞273—RESERVATION OF GROUNDS OF REVIEW.

Where plaintiff excepted to the dismissal of his complaint, the Appellate Term is bound to examine the record to ascertain whether there was an issue for the jury, though the ground upon which the case should have been submitted to the jury was not clearly urged by plaintiff's counsel at the time the dismissal was being discussed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1590, 1606, 1620–1623, 1625–1630, 1764; Dec. Dig. ☞273.]

3. COSTS ☞238—ON APPEAL—DENIAL.

Where, though the complaint was erroneously dismissed, plaintiff's counsel did not clearly urge the particular point requiring the submission of the case at the time the dismissal was being discussed, the reversal will be without costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 908-919; Dec. Dig. ☞238.]

Appeal from City Court of New York, Trial Term.

Action by James F. Stocking against the Seed Filter & Manufacturing Company. From a judgment entered upon the dismissal of the complainant at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial granted.

Argued October term, 1915, before BIJUR, PAGE and SHEARN, JJ.

Benjamin Davidson, of New York City (Benjamin Davidson and Charles S. Aronstam, both of New York City, of counsel), for appellant.

Steiner & Petersen, of New York City (Joseph H. Kohan and Henry A. Petersen, both of New York City, of counsel), for respondent.

BIJUR, J. [1] Plaintiff sued on an admitted indebtedness from the defendant to himself, which had taken the form of an account stated on May 22, 1909. Plaintiff's testimony as to the terms of payment was in substance that he, as manager of defendant at that time, was to pay himself the indebtedness as soon as he thought he (defendant) could afford it, with particular reference to the company's previously liquidating a note which it owed at that time. Defendant put in evidence a letter of the plaintiff dated February 13, 1913, submitted to a meeting of the stockholders of the defendant, in which the plaintiff made a number of business propositions concerning his withdrawal from the company and purchasing some of its assets, and making a further proposition regarding the payment to him of the

indebtedness involved in this suit. Of this indebtedness, the plaintiff, in his letter, spoke as follows:

"This $2,537.50 as it now stands was to be paid to me from dividends when declared by the company at the rate of 25 per cent. of same before division to stockholders."

The proposition made by the plaintiff was accepted by the stockholders, and a contract covering it entered into by both parties; but this was exclusive of the proposition regarding the payment of this indebtedness, which was, by direction of the stockholders and mutual consent, expressly "struck out." The situation at the close of the case, therefore, was that plaintiff had testified that the indebtedness was payable to him absolutely, and that there had been introduced in evidence an admission against interest made by him to the effect that the indebtedness was to be payable only out of dividends.

Incidentally it may be remarked that the plaintiff had also put in evidence a letter of defendant's president indicating rather clearly that the indebtedness was an absolute one; but the question of the weight or value of the evidence is not before us.

[2, 3] It suffices that there was ample testimony to sustain a verdict in his favor, had the plaintiff's viva voce testimony as to the terms of payment of the indebtedness been accepted by the jury. It is true that this particular point was not clearly urged by plaintiff appellant's counsel upon the court at the time the dismissal of the complaint was being discussed; but, plaintiff having excepted to the ruling of the learned judge dismissing the complaint, we are bound to examine the record to ascertain whether there was an issue for determination by the jury (Train v. Holland Purchasing Ins. Co., 62 N. Y. 598), and, such being the case, the judgment must be reversed, and a new trial granted, but in view of the failure of plaintiff's counsel to specify more clearly the ground of his argument, as above pointed out, the reversal will be without costs. All concur.