F. H. GILCREST v. HENRY NANTKER.

FILED NOVEMBER 8, 1894. No. 5098.

Deceit: FALSE REPRESENTATIONS: PLEADING. A petition in which was alleged false representations of the kind and disposition of a horse which thereby plaintiff was induced to purchase at a certain price from the defendant was so defective because of an entire failure to aver that damages of any kind or amount had been sustained that, on error proceedings to this court, the judgment on a verdict in favor of the defendant is affirmed.

ERROR from the district court of Buffalo county. Tried below before HAMER, J.

*R. A. Moore*, for plaintiff in error, contending that the petition is sufficient, cited : *Holcomb v. Noble*, 37 N. W. Rep. [Mich.], 497; *Baughman v. Gould*, 45 Mich., 483; *Convers v. Blumrich*, 14 Mich., 108; *Webster v. Bailey*, 31 Mich., 36 ; *Busterud v. Farrington*, 31 N. W. Rep. [Minn.], 360; *Mohler v. Carder*, 35 N. W. Rep. [Ia.], 647; *Hawk v. Brownell*, 11 N. E. Rep. [Ill.], 416; *Long v. Clapp*, 15 Neb., 417 ; *Eldridge v. Hargreaves*, 30 Neb., 638.

*Marston & Nevius, contra.*

RYAN, C.

This action was tried in the district court of Buffalo county. There was a verdict and judgment in favor of the defendant. It was, in substance, alleged in the petition that the plaintiff claimed of the defendant the sum of $150; that in the summer of 1887 plaintiff purchased of the defendant a horse for the sum of $150; that said horse was purchased for a driving horse, for the use of plaintiff's wife and family, this intended use being well known to the defendant; that the defendant represented that the said horse was a gelding, quiet, gentle, sound, and all right for the use for which it was purchased; whereas in fact, as was well known to said defendant at that time, said horse was not as represented. There was a prayer for judgment in the sum of $150 and costs. There was no allegation that plaintiff had sustained damages, neither was there an averment as to the real value of the aforesaid horse, nor what its value would have been had the representations in regard to it been true. The allegations of the petition were only as above summarized, and a verdict, had it been in plaintiff's favor, would have lacked for its support the very essential averment that damage of any kind or to any amount

Gilcrest v. Nantker.

had been sustained by the plaintiff. It appears from the record that the district court ruled that plaintiff's motion for a new trial would be sustained, upon his application being made to amend the petition so as to allege a warranty by the vendor of the horse, to the effect that it was sound and all right in every respect, a breach of the warranty, and that the defendant knew the same to be false at the time he made it; provided that the costs of a preceding trial should be taxed to plaintiff. The plaintiff, as the record recites, " relies upon the sufficiency of the petition, declines to amend, and the motion for a new trial is overruled upon the ground that the petition contained only the substance of an action for deceit, upon which there was a conflict of the evidence sufficient to sustain the verdict of the jury for the defendant." Whether or not the reason given for overruling the motion for a new trial was sufficient need not be determined, for plaintiff declined the offer to allow him to amend his petition, because he relied upon its sufficiency. Under these circumstances a reversal of the judgment already rendered would imply that in the district court another trial shall be had upon the averments of the petition as it now stands, notwithstanding the existence of the radical defects already discussed. In the present status of this case our ruling as to the sufficiency of statements in the petition to constitute a cause of action should be the same as ought to have been the ruling of the district court had that petition been attacked by a general demurrer, which clearly must have been sustained. The judgment of the district court is, therefore,

AFFIRMED.