DAUBE & KAPP v. CHICAGO, ROCK ISLAND & TEXAS RAILWAY
COMPANY.

Decided April 12, 1905.

**1.—Carriers of Freight—Special Damages—Notice to Carrier.**

Where plaintiff ordered feed stuff intended for feeding his beef cattle, being then nearly out of feed, and because of delay in transportation the cattle were out of feed for three days, lost flesh, etc., the carrier could not be held liable for such injury in the absence of notice of the purpose of the shipment and the circumstances making it probable that such injury would ensue.

Appeal from the District Court of Jack. Tried below before Hon. J. W. Patterson.

*Nicholson & Fitzgerald,* for appellants.

*N. H. Lassiter, Robt. Harrison* and *Stark & Groner,* for appellee.— The damages sought to be recovered in this case are purely special damages, which can not be recovered unless the plaintiff shows that the defendant, at the time of entering into the contract, had notice of the special facts which would cause the injury claimed to have been suffered if the goods were delayed. Railway v. Belcher, 32 S. W. Rep., 519.

NEILL, ASSOCIATE JUSTICE.—Appellants sued appellee to recover $1,636 damages. Upon hearing the evidence the court peremptorily instructed a verdict for the defendant; and, from a judgment entered upon a verdict returned in obedience to the instruction, the plaintiffs have appealed.

Plaintiffs' petition is unusually voluminous, but the substance of the material allegations may be briefly stated as follows: That on the 26th day of February, 1903, plaintiffs were engaged in Jacksboro in feeding cattle for market, and then and there had on hand to be fed for market two hundred head of fine large steers; that on said day plaintiffs purchased, and had shipped to them from Waxahachie, Texas, two carloads of cotton-seed hulls for the purpose of feeding said cattle; that said shipment arrived at Fort Worth in due time, and were then delivered to defendant, who received it and transported said freight to Bridgeport, a station on its line of road in Wise County, where it was delayed from one o'clock a. m., March 1, until 10:30 o'clock a. m., March 3, 1903, when forwarded by defendant to Jacksboro, where it arrived at 11:45 a. m. on same day; that immediately upon the arrival of the cotton-seed hulls plaintiffs demanded that defendant place the two cars containing them on a side-track so that they might be unloaded and cotton-seed hulls fed to his steers, but that defendant negligently refused to comply with the demand until about four o'clock p. m., whereupon the two carloads of hulls were wrongfully kept from plaintiffs' cattle for about three days.

That plaintiffs, during the five days next preceding the arrival of the cotton-seed hulls at Jacksboro, notified defendant's agent at that place of the great importance to them that the two carloads of cotton-seed hulls should arrive and be delivered without unnecessary delay, stating

to said agents that they were nearly out of feed for their cattle; that, though so notified, defendant and its agents wrongfully delayed the transportation and delivery of said carloads of hulls, and that, by reason of such delay, plaintiffs' cattle were without feed for three days, and plaintiffs were compelled to purchase hay to feed them, and they lost flesh and depreciated in value, whereby plaintiffs were damaged in the aggregate amount of $1,636.

Among the matters plead in defense were that, at the time defendant accepted the cars containing the cotton-seed hulls, to be forwarded from Fort Worth to Jacksboro, it nor its agents had any notice that the hulls were intended as food for plaintiffs' cattle, or that their cattle were nearly out of food, or that the damages claimed would likely ensue from delay in forwarding the cars to their destination.

The charge of the court is as follows: "Plaintiffs are seeking to recover for special damages, and the burden is upon them to show that the defendant, at or before the hulls were received by it, had notice of the purpose of plaintiffs on ordering the hulls and the necessity for immediate transportation thereof, and of the damages that would likely be caused plaintiffs' cattle by a failure to receive said hulls promptly, and, as there is no proof that would authorize you in finding that defendant had such notice, you will find for the defendant.

We have concluded, from a careful examination and consideration of the statement of facts, that there was no evidence tending to show that defendant or its agents, at the time it, as a connecting carrier at Fort Worth, received the cars containing the hulls to be forwarded over its line to Jacksboro, had any notice whatever that plaintiffs wanted the hulls for the purpose of feeding their cattle, or of any facts from which it could reasonably anticipate that the damages claimed, or any part thereof, might probably ensue to plaintiffs from defendant's failure to promptly forward and deliver the hulls to them at Jacksboro.

It will be seen from the pleadings that this case belongs to a class which, for special reasons, the shipper desired the transportation of his goods to be hastened. In such cases, in order for the shipper to recover such damages as are claimed here, it is essential to show the fact that the carrier was notified of the special circumstances from which such damages would probably flow in case of delay in transportation. For, without this is proven, it can not be made to appear that the damages claimed were such as might reasonably be supposed to have been contemplated by the parties at the time of the contract of carriage was made as the probable result of its breach.

We think, therefore, the court did not err in instructing a verdict for defendant. Affirmed.

*Affirmed.*