## ARMSTRONG v. HEIDE.

### (Supreme Court, Appellate Term. June 27, 1905.)

1. SALES—BREACH OF CONTRACT—PERFORMANCE—TENDER OF PERFORMANCE.
   Where the promise of a buyer to accept goods and the agreement of the seller to sell are concurrent and mutual, neither can recover without alleging and proving performance or tender of performance on his part.
   [Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, §§ 358, 1092.]

2. SAME—COMPLAINT—FAILURE TO ALLEGE PERFORMANCE—EXCUSE.
   An allegation, in the complaint in an action for breach of contract to accept certain pails, that defendant refused to carry out the terms of his agreement, is not sufficient to relieve plaintiff of the obligation of alleging and proving performance or tender thereof on his part.
   [Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, §§ 363, 1092.]

3. PLEADINGS—ALLEGATIONS—LEGAL CONCLUSIONS.
   An allegation in a pleading that a party refuses to carry out the terms of his agreement is a legal conclusion, and not the statement of a fact.

Appeal from City Court of New York, Trial Term.

Action by Paul Armstrong against Henry Heide. From a judgment for plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Amend & Amend (Alfred J. Amend and John E. Donelly, of counsel), for appellant.

J. P. Solomon (Simon Sulton, of counsel), for respondent.

SCOTT, P. J. It is not necessary to go further than the complaint to see that this judgment cannot stand. The sole allegations are that plaintiff entered into a contract with the defendant, which is annexed to the complaint, and which provides for the acceptance by defendant of 100,000 pails at $35 per thousand, the entire lot to be taken within six months' time from first shipment, and in quantities of not less than 15,000 pails at any one time; that in accordance with said agreement plaintiff delivered to defendant 10,000 of said pails at the price agreed upon, but that defendant absolutely refused, and still refuses, to carry out the terms of his agreement, to the plaintiff's damage $1,000. Upon the very plainest principles of pleading this complaint was insufficient. The promise of the defendant to accept and the agreement of plaintiff to deliver were concurrent and mutual, and neither party can recover without alleging and proving performance or tender of performance on his own part. Pope v. Terre Haute Car & Mfg. Co., 107 N. Y. 61, 13 N. E. 592. The plaintiff is not relieved from the obligation of al-

leging performance or tender on his own part by reason of the allegation of defendant's refusal to fulfill, because he does not show wherein that refusal consisted. It is not alleged that defendant refused to accept 90,000, or any other number, of pails, but merely that he refused to fulfill the contract which might have consisted in a refusal to pay for what had been delivered; and in any aspect the mere allegation that the defendant "refuses to carry out the terms of his agreement" is a legal conclusion, and not the statement of a fact. Van Schaick v. Winne, 16 Barb. 89.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.