O'BRIEN, RESPONDENT, v. QUINN, SHERIFF, APPELLANT.

(No. 2,394.)

(Submitted May 15, 1907. Decided May 27, 1907.)

[90 Pac. 166.]

*Attachment—Sheriffs—Illegal Seizure—Action for Damages— Complaint—Sufficiency—Special Damages—Pleadings—Appeal.*

Appeal—Error—Specification—Briefs.
1. Error complained of on appeal, but not made the basis of a specification in appellant's brief, will not be reviewed.

Attachment—Illegal Seizure—Action for Damages—Complaint—Sufficiency.
2. Where the complaint, in an action against a sheriff for damages for the illegal seizure of personal property, alleged that plaintiff was the owner thereof on a certain day (which was the day on which the seizure was made), it was sufficient to show ownership in plaintiff at the time of levy, the law not taking notice of fractions of a day.

Same—Seizure—Complaint—Sufficiency.
3. Since the only method of attaching personal property of the nature of that involved in the above action (saloon fixtures and stock in trade) is by actually taking possession of it, an allegation that the sheriff levied upon and seized the goods under a writ of attachment, sufficed to show an invasion of plaintiff's right to the possession of, or his exclusion from, them.

Same—Seizure of Property—Third-party Claim—When not Necessary.
4. Where the answer in an action against a sheriff for damages for the illegal seizure of saloon fixtures and stock in trade denied plaintiff's claim of ownership, it was not necessary for the latter to make a third-party claim, under section 906 of the Code of Civil Procedure, and to allege that he made such claim, as a condition precedent to maintaining his action.

Same—Wrongful Levy—Recovery of Money Paid for Surrender of Property—Pleadings.
5. Plaintiff in his complaint against a sheriff to recover a sum of money paid for the release of attached personal property, in addition to damages for illegal seizure thereof, alleged that defendant accepted said amount in lieu of the possession of the goods attached; but failed to plead that he was compelled to pay the money as a condition to the delivery of the property so detained, that such detention was unlawful, that the payment was made under protest, and that such detention was attended by circumstances of hardship or inconvenience to plaintiff. *Held,* that in the absence of these latter allegations, the complaint did not state facts sufficient to constitute a cause of action for the recovery of the money paid to the sheriff.

Same—Wrongful Levy—Damages—Complaint—Sufficiency.
6. Allegations in a complaint against a sheriff for the illegal seizure of saloon fixtures and stock in trade, to the effect that the attach-

ment under which the property was taken was wrongful, unlawful and a willful trespass upon the property of plaintiff, and that by reason of the levy plaintiff had been damaged in the loss of business and profits in a certain sum, were sufficient to state a cause of action for damages in a nominal sum at least.

Same—Wrongful Levy—Loss of Profits—Special Damages—Complaint.
7.   To warrant the introduction of evidence showing the damages for injury to business and loss of profits, claimed to have been sustained by plaintiff in an action against a sheriff for illegally seizing his saloon fixtures and stock in trade, in the actual possession of which goods the defendant was about six hours, such damages, being special in their nature, should have been specially pleaded, and, where this was not done, the court committed error in admitting evidence on the subject.

*Appeal from the District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by J. D. O'Brien against J. J. Quinn, sheriff. From a judgment for plaintiff and an order denying him a new trial, defendant appeals. Reversed and remanded.

*Mr. M. P. Gilchrist, Mr. W. M. Bickford,* and *Mr. Geo. F. Shelton,* for Appellant.

Section 672 of the Code of Civil Procedure, enumerates the causes of action which may be united. One of the causes of action herein urged comes under subdivision 1 of that section and the other under subdivison 7 thereof, and they are not unitable. One is an action in tort and the other an action on contract, and they cannot be united. (*Nelson* v. *Great Northern R. R.,* 28 Mont. 310, 72 Pac. 642; *Gore* v. *Condon,* 87 Md. 368, 67 Am. St. Rep. 352, 39 Atl. 1042, 40 L. R. A. 382; *Lamb* v. *Harbaugh,* 105 Cal. 680, 39 Pac. 56; *Hunter* v. *Powell,* 15 How. Pr. 223.)

The complaint will not support a verdict for damages greater than nominal damages. Damages for loss of reputation, either business or personal, for loss of business, profits, etc., are special damages and must be specially pleaded. The complaint does not specify the amount of damages, if any, sustained in any of these particulars, and therefore will not support a judgment. (8 Ency. of Pl. & Pr., p. 719; *Parker* v. *Bond,* 5

Mont. 11, 1 Pac. 209.) In actions to recover for a merely wrongful attachment, where only actual damages can be allowed, injury to credit and loss of prospective profits are not an element of damages, and cannot be recovered, because too remote. (*Seattle Crockery Co.* v. *Haley,* 6 Wash. 302, 36 Am. St. Rep. 156, 33 Pac. 650; *Mitchell* v. *Harcourt,* 62 Iowa, 349. 17 N. W. 581; *Anderson* v. *Taylor,* 56 Cal. 131, 38 Am. Rep. 52.)

The defendant was entitled to the statutory notice of O'Brien's claim. (Code Civ. Proc., sec. 906.) The statute is for the protection of all parties interested—the officer, the attaching creditor and the claimant, and it is reasonable in its requirements. (*Bradley* v. *Miller,* 100 Iowa, 169, 69 N. W. 426; *Taylor* v. *Seymour,* 6 Cal. 512; *Trieber* v. *Blocher,* 10 Md. 14; *Cheadle* v. *Quitar,* 68 Iowa, 680, 28 N. W. 14.)

*Mr. W. E. Carroll,* for Respondent.

Duplicity does not consist in the union of several facts, constituting together but a single cause of action. (*Hough* v. *Hough,* 25 Or. 218, 35 Pac. 249; *Harker* v. *Brink,* 24 N. J. L. 333.)

Causes of action required to be separately stated are such as by law entitle the plaintiff to separate actions, and each of which would be a perfect cause of action in itself. (1 Estee's Pleading, 4th ed., sec. 314a; *Sturges* v. *Burton,* 8 Ohio St. 215, 72 Am. Dec. 582.) If a claim is founded upon one single or continuous tortious act, it cannot be divided up into separate and distinct demands, and made the subject of separate actions; and if this is attempted, a judgment in one action will be a conclusive bar to any other action, upon the principle that if a plaintiff bring an action for a part only of an entire and indivisible demand, the verdict and judgment in that action will be a conclusive bar to any subsequent suit for another part of the same demand. (*Herriter* v. *Porter,* 23 Cal. 387; *Philips* v. *Berik,* 16 Johns. 136, 8 Am. Dec. 299; *Wilson* v. *Sullivan,* 17 Utah, 341, 53 Pac. 994.)

"When the trespass is committed from wanton or malicious motives, or a reckless disregard of the rights of others, or under circumstances of hardship and oppression, the rule of mere compensation is not enforced, and the measure and amount of damages are matters for the jury alone, and they may award punitive or exemplary damages." (Harlow on Sheriffs, 2d ed., sec. 632.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was commenced by the plaintiff, O'Brien, to recover from the sheriff of Silver Bow county the sum of $5,690 and costs.

Plaintiff alleges that on the seventeenth day of August, 1905, he was the owner and in possession of the Elite saloon, situated in Butte, together with its contents, including fixtures and stock in trade, of a value of $3,000; that on that day the defendant levied upon and attached his place of business, with its contents, including the fixtures and stock in trade, under a writ of attachment issued in an action wherein W. A. Clark & Bro. were plaintiffs, and J. J. Grant and J. H. McCarthy were defendants; that such levy was made by the defendant upon the pretense that the defendant Grant, in the action above mentioned, had some interest in the property so seized. The complaint then proceeds: "(4) That the said defendant represented to this plaintiff that he would accept in lieu of the said property the sum of $750 money of the United States, and afterward did accept the sum of $690 of money of the United States, in lieu of the actual possession of said property, which said sum of $690 he does now hold and refuses to return to the plaintiff."

It is then alleged that Grant had no interest whatever in or to the property attached, or any portion of it, and that such attachment was wrongful, unlawful and a willful trespass upon the property of the plaintiff; that the plaintiff had, prior to the time the levy was made, conducted a profitable business and had

a good mercantile credit; that on the eighteenth day of August, 1905, he made demand upon the defendant for the return of the said sum of $690; and that this demand was refused. The only other allegation in the complaint is the following: "(8) That this plaintiff has been damaged by the acts of the defendant in levying said attachment writ upon the property of the plaintiff in the loss of business and profits in the amount of five thousand ($5,000) dollars."

The answer admits the allegations of the first paragraph of the complaint, which are to the effect that the defendant was at all times mentioned in the complaint the duly elected sheriff of Silver Bow county. Otherwise, it is in effect a general denial of each and every allegation contained in the complaint. There are a number of admissions in the answer of allegations not contained in the complaint at all.

The cause was tried to the court sitting with a jury. A verdict was returned in favor of the plaintiff for $1,075 and costs of suit, and upon this verdict a judgment was entered, from which judgment, and an order denying him a new trial, the defendant appeals.

1. There is a great deal of argument in the briefs of counsel for the respective parties directed to the question whether or not there is in the complaint a misjoinder of causes of action. But that question is not before this court. It is true that the defendant interposed a special demurrer attacking the complaint upon the ground that two causes of action are improperly joined; but there is no specification of error in appellant's brief based upon the order of the court overruling the demurrer.

2. It is also claimed by appellant that there is no sufficient allegation of plaintiff's ownership of the property at the time the levy was made. We think, however, there is no merit in this contention. It is alleged that he was the owner on the seventeenth day of August, 1905, the day the levy was made; and, since the law ordinarily takes no notice of fractions of a day, we think this is equivalent in this instance to an allegation that he was the owner at the time of the seizure of the property.

3. It is also contended that it does not appear from the complaint that there was an invasion of plaintiff's right to, or exclusion of him from, the possession of the property seized. But, since the only method of attaching personal property, under the circumstances here disclosed, is by actually taking possession of the same, we think that the allegation that the sheriff levied upon and seized the property under the writ of attachment is sufficient.

4. It is further contended that it was necessary for the plaintiff to make a verified third-party claim for the property, under section 906 of the Code of Civil Procedure, and to allege that he had made such claim, as a condition precedent to maintaining this action. We think it was not necessary for the plaintiff to make such third-party claim, particularly since there is a distinct denial in the answer of plaintiff's claim of ownership to the property in controversy. (*Richey* v. *Haley*, 138 Cal. 441, 71 Pac. 499.)

5. It is earnestly contended that the complaint does not state facts sufficient to constitute a cause or causes of action. So far as the plaintiff's right to recover the sum of $690 is concerned, we think there is merit in this contention. The mere allegation in the complaint that the defendant stated that he would accept a certain sum of money in lieu of the possession of the property which he held under the writ of attachment, and in fact did accept the sum of $690 in lieu of such possession, is not sufficient to warrant a recovery of the money so paid. That a party may recover money paid under duress of property is well settled. But it must appear that he was compelled to pay the money which was demanded as a condition to the delivery of possession of the property so detained, that such detention was unlawful, that the payment was made under protest, and that such detention was attended by circumstances of hardship or inconvenience to the plaintiff. (*Fargusson* v. *Winslow*, 34 Minn. 384, 25 N. W. 942; *Briggs* v. *Boyd*, 56 N. Y. 289; *Weber* v. *Kirkendall*, 44 Neb. 766, 63 N. W. 35; *Lyman* v. *Lauderbaugh*,

75 Iowa, 481, 39 N. W. 812; *Cobb* v. *Charter,* 32 Conn. 358, 87 Am. Dec. 178.)

6. Does the complaint state a cause of action for damages other than the $690? That it does state a cause of action for nominal damages, and would therefore be sufficient as against a general demurrer, seems clear enough. The law is well settled that, where a legal right of the plaintiff has been invaded by the defendant, he may recover nominal damages, although there may be no evidence of actual damages sustained. (13 Cyc. 14, and cases cited.)

7. Complaint is made of the ruling of the court in permitting evidence to be introduced showing the damages which plaintiff sustained to his business by reason of the attachment. It appears from the complaint that the defendant was in possession of the property about six hours. The only allegation of damages is that contained in paragraph 8, quoted above. Damages for loss of business and profits could only properly come under the designation "special damages." General damages are defined to be such as the law implies and presumes to have occurred from the wrong complained of (13 Cyc. 13), or such damages as the law holds to be the necessary result of the action of the defendant (5 Ency. of Pl. & Pr. 717); while special damages are such as actually result from the action of the defendant, but are not such a necessary result that they will be implied by law (*Root* v. *Butte, Anaconda & Pac. Ry. Co.,* 20 Mont. 354, 51 Pac. 155; 13 Cyc. 13). While it is frequently difficult to determine whether particular damages claimed are general or special, we think that it is clear enough from the allegations of this complaint that the damages sought to be recovered are in their nature special, as distinguished from general damages. It cannot be said as a matter of law that any substantial injury to business or loss of profits will necessarily result from an attachment levied upon personal property, even of the character of that described in the complaint.

It is a general rule of pleading that special damages, which are the natural, but not the necessary, result of the injury com-

plained of, must be specially alleged. (5 Ency. of Pl. & Pr. 719; *Root* v. *Butte, Anaconda & Pac. Ry. Co.*, above.)

We think the complaint is insufficient to state a cause of action for special damages, and therefore the court erred in admitting evidence showing the amount of such special damages incurred.

These views appear sufficient to dispose of all questions raised, and sufficient to guide the lower court in a retrial of the case, should the complaint be amended.

For the reasons stated, the judgment and order are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Smith concur