## V. E. SEGERSTROM v. S. A. SWENSON.[1]

### July 17, 1908.

### Nos. 15,708—(85).

**Pleading—Breach of Warranty.**

> The essential allegations of a pleading, where a breach of warranty is relied upon to support a claim for damages, concern, first, the terms of the warranty; second, the breach; and, third, the facts from which damages for its breach are to be inferred.

**Answer—Evidence—Practice.**

> In this case it is *held* (1) that the answer was valid as against the objections urged against it; (2) that the evidence justified the finding of the jury that a warranty had been made; (3) that no reversible error in practice occurred on trial.

Action in the district court for Clay county to recover $142.18, the balance due on a note and conditional sale contract for the purchase of a piano. The case was tried before Taylor, J., and a jury which rendered a verdict in favor of plaintiff for $13.50. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Frank P. Olney,* for appellant.

*C. A. Nye* and *C. G. Dosland,* for respondent.

JAGGARD, J.

Plaintiff brought an action to recover a balance due on a note and conditional sale contract for the purchase of a piano. Defendant's answer admitted the execution and delivery of the note and contract

[1] Reported in 117 N. W. 478.

and undertook to set up a warranty, breach of warranty, and part payment. The part of that answer immediately involved is as follows: "That at the time of the purchase of said piano and the giving of said note plaintiff represented and warranted the same to be in every respect a first-class instrument, in good repair, although not entirely new, but as good as a new piano, except as to the exterior of the case of said piano, and that said piano was in every other respect a first-class musical instrument, worth as much or more than the sum agreed to be paid therefor; that in fact said piano was not in good repair, was not a good instrument, nor worth the sum agreed to be paid therefor, nor any amount whatever in excess of the sum of one hundred dollars." It was elsewhere alleged that the purchase price of the piano was $215. The court allowed an amendment, so as to enlarge the claim of payment. The jury returned a verdict in a sum less than the amount prayed for, less the payments asserted. This appeal was taken from the denial of the usual alternative motion.

The first of the questions presented concerns the sufficiency of the answer. The law in this connection is well settled. The essential allegations of a pleading, where a breach of warranty is relied upon to support a claim for damages, concern, first, the terms of the warranty; second, the breach; and, third, the facts from which damages for its breach are to be inferred. Plano Mnfg. Co. v. Richards, 86 Minn. 94, 90 N. W. 120, per Lovely, J. The allegation as to the warranty, to be sufficient, must come within the principle that: "To constitute an express warranty, there must be an express undertaking to warrant in so many words, or if representations be relied on to make out the warranty, they must be made in such manner and circumstances as to authorize the vendee to understand that the vendor intended to be bound by them, as a part of the contract of sale, and he must accordingly have purchased in reliance upon them." Torkelson v. Jorgenson, 28 Minn. 383, 10 N. W. 416. A general averment that the plaintiff warranted the article sold is sufficient, and will support proof of either an express or an implied warranty. Hoe v. Sanborn, 21 N. Y. 552, 555, 78 Am. Dec. 163. The allegation of facts from which damages are to be inferred must conform to the ordinary rule that the measure of damages is the difference between the actual value of the

article sold and what it would have been worth if it had conformed to the warranty. Plano Mnfg. Co. v. Richards, supra.

The controversy in this case is not as to the propriety of these principles, but whether the answer conformed to them. No preliminary objection was made to the pleading. When the first witness was called at trial, the plaintiff objected to the introduction of evidence under the answer, except as to payments, because "it does not appear that the representations and warranties were made for the purpose of inducing the purchase by the defendant, or that they were relied upon. It does not appear whether they were in writing or otherwise." A fuller objection, consistent with the position here taken, was made, but only at the close of the case. The pleading was good as against these objections, within these principles of law. It was alleged that "plaintiff represented and warranted" the article sold in the respects named. It was also alleged that it was warranted to be worth "as much or more than the sum agreed upon by the parties therefor," which was specified at another place, but that, in fact, it was not worth to exceed a smaller sum, there stated.

The second of the essential questions in the case is whether the evidence justified the finding that the representations made by the plaintiff were intended as warranties, and that they were so regarded. An examination of the evidence has satisfied us that, within the familiar rule on that subject, the action of the trial court in submitting the case to the jury and in refusing to disturb its verdict for plaintiff must be sustained.

Other questions raised by the assignments of error concern errors of practice. The allowance of the amendment by the trial court to enlarge the claim of payment was correct beyond reasonable question. Objection was made that defendant was allowed to testify as an expert, without proper foundation being laid. This is a matter largely within the discretion of the trial court. Its exercise of the discretion does not appear to have been abused. Other assignments of error have been considered and found to be without merit.

Affirmed.