WHITELAW, RESPONDENT, *v.* VALLANCE ET AL., APPELLANTS.

(No. 4,374.)

(Submitted April 20, 1921. Decided May 23, 1921.)

[198 Pac. 449.]

*Contracts — Breach — Special Damages — Complaint — Insufficiency.*

Contracts—Breach—Nominal Damages Recoverable, When.
  1. A violation of a valid contract, unless excusable or justifiable, is an invasion of the injured party's legal rights for which he may recover nominal damages without proof of actual damages.
Same—Loss of Business and Profits—Special Damages—Complaint.
  2. Damages for loss of business and profits resulting from a breach of contract are special in character, in the sense that, while flowing from the action of the defendant, they are not such a necessary result thereof as that they will be implied by law, and must be pleaded.
Same—Complaint—Nominal Damages.
  3. Under a complaint alleging that plaintiff had purchased potatoes from defendants at a stated price and offered to receive and pay for them on a certain date, but that defendants failed to make delivery, plaintiff was entitled to no more than nominal damages.
Same—Special Damages—Evidence—Erroneous Admission.
  4. Admission of evidence showing special damages under a complaint alleging general damages only was error.
Same—Time of Performance—Complaint—Insufficiency.
  5. Where the contract of purchase of potatoes for the breach of which damages were sought was silent as to the time of their delivery, and the complaint did not allege any date or that delivery should be made within a reasonable time, the pleading was insufficient.

———————

2. Loss of profits as measure of damages in breach of contract of sale, see notes in 42 **Am. Rep.** 461; 60 **Am. Rep.** 488.

*Appeals from District Court, Ravalli County; R. Lee Mc-Culloch, Judge.*

ACTION by Paul Whitelaw against John B. Vallance and another. From a judgment for plaintiff and from the order denying defendants' motion for new trial, defendants appeal. Reversed and remanded.

*Mr. E. C. Kurtz, Mr. H. C. Packer* and *Mr. George T. Baggs,* for Appellants, submitted a brief; *Mr. Packer* and *Mr. Baggs* argued the cause orally.

The complaint fails to state the time of performance, or that the alleged contract was to have been performed within a reasonable time or upon request, and that such reasonable time had elapsed or such request had been made. The omission of all these material and essential allegations was fatal and the demurrers should have been sustained. (9 Cyc. 725; *Ryberg* v. *Goodnow,* 59 Minn. 413, 61 N. W. 455.)

The complaint fails to allege that plaintiff, by reason of defendant's failure to deliver the potatoes, was compelled to purchase elsewhere and at a higher price. It contains the bare conclusion that by reason of such failure to deliver plaintiff lost profits and suffered damages in the sum of $700. This is not sufficient. (13 Cyc. 173–176; Sutherland on Code Pleading, sec. 4644; 35 Cyc. 623, 633, 644; *Brophy* v. *Idaho Produce & Provision Co.,* 31 Mont. 279, 78 Pac. 493; *Halstead Lumber Co.* v. *Sutton,* 44 Kan. 192, 26 Pac. 444; *Cutting Fruit Packing Co.* v. *Canty,* 141 Cal. 692, 75 Pac. 564.)

*Messrs. O'Hara & Madeen,* for Respondent, submitted a brief; *Mr. Robert A. O'Hara* argued the cause orally.

The plaintiff was a commission merchant engaged in buying and selling potatoes, and in such cases, without any allegations of resale to any particular person, losses of profits are not special damages, but general damages and may be recovered under a general allegation of damage.

From sections 6055 and 6082, Revised Codes, it will be seen that the elements necessary were the contract for the sale, failure to deliver, and proof of value of the property at the time of, or within a reasonable time after, the failure to deliver. These are covered by the general allegations of damages, and the proof tendered in this case. (*Carlson* v. *Stone-Ordean-Wells Co.,* 40 Mont. 434, 107 Pac. 419.) The allegations of the complaint in the instant case are almost identical with those in the case of *Bussard & Robson* v. *Hibler,* 42 Or. 500, 71 Pac. 642, which was a case where the plaintiff had purchased defendant's wool at a fixed price, and the defendant failed to deliver, and the market price was in excess of the contract price at the time of delivery, and the court said: "The damages sought to be recovered in the case at bar are such as would inevitably follow from the breach of the agreement, and being general, no necessity existed for alleging any special damages, such as that the purchases were made for resale. * * * In any event, they do not seek to recover such damages as would ensue if they had a contract for a resale of the commodity to a particular person." (*Johnson* v. *Gilmore,* 6 S. D. 276, 60 N. W. 1070; *Brazell* v. *Cohn,* 32 Mont. 556, 81 Pac. 339.)

MR. CHIEF COMMISSIONER POORMAN prepared the opinion for the court.

Appeal by defendant from a judgment in favor of plaintiff entered on a directed verdict, and from the defendants' motion for a new trial.

The plaintiff alleges that "on or about the 14th of October, 1916, the plaintiff and defendants mutually agreed that the defendants should deliver to the plaintiff two carloads of potatoes, about 800 sacks and 100,000 pounds, same to be free from frost, and that the plaintiff should pay therefor on delivery the sum of $1.30 per hundredweight"; that on or about the 1st of November, 1916, plaintiff offered to receive and pay for the potatoes and fully perform the condi-

tions of said contract on his part to be kept and performed, and that the defendants failed at all times and neglected and refused to deliver the potatoes, or any part thereof, and that the plaintiff has been damaged in the sum of $700 by reason of such failure on the part of the defendants. Judgment is asked for $700. Defendants filed separate demurrers on the ground that the complaint does not state facts sufficient to constitute a cause of action. These demurrers were overruled, and defendants filed separate answers, which amount in effect to general denials. At the trial, defendants objected to the introduction of any evidence for the reason that the complaint fails to state a cause of action, *etc.* At the close of plaintiff's case, and after plaintiff had rested, the defendants moved "for an order and judgment of nonsuit" for several reasons, which may be generalized in the one statement of insufficiency of evidence to sustain a verdict or judgment for plaintiff. These motions were overruled by the court, and the plaintiff then asked that the jury be instructed to return a verdict for the plaintiff for the sum of $700. This motion was granted, and a verdict returned for the plaintiff and against both the defendants for the sum of $700.

The issue taken with the complaint by the demurrers and by the objections to the introduction of evidence is to the effect that the damages, if any, are special, and that evidence of special damages could not properly be admitted under the complaint; that no time was named or otherwise fixed for the delivery of the potatoes, and that any damages awarded would be conjectural and speculative.

1. It is settled law that a violation of a valid contract, unless [1, 2] excusable or justifiable under the circumstances, is an invasion of the injured party's legal rights for which he may recover nominal damages without proof of the actual damages. (*O'Brien* v. *Quinn*, 35 Mont. 441, 90 Pac. 166; 13 Cyc. 14.) The rule stated in the *O'Brien Case* is: "Damages for loss of business and profits could only properly come under

the designation 'special damages.' General damages are defined to be such as the law implies and presumes to have occurred from the wrong complained of (13 Cyc. 15), or such damages as the law holds to be the necessary result of the action of the defendant (5 Ency. of Pl. & Pr. 717); while special damages are such as actually result from the action of the defendant, but are not such a necessary result that they will be implied by law. (*Root* v. *Butte, Anaconda & Pac. Ry. Co.,* 20 Mont. 354, 51 Pac. 155; 13 Cyc. 13.)

This complaint is to the effect that on October 14, 1916, [3] plaintiff purchased some potatoes of defendants at $1.30 per hundredweight, and on November 1, 1916, plaintiff offered to receive and pay for the potatoes, and that defendants failed at all times to make delivery. From this meager statement, we are unable to understand, as a matter of law, how any damage can be implied or presumed from the wrong complained of, beyond the nominal. The damages complained of might be treated as general damages under appropriate pleadings.

In his brief, respondent says: "We have already shown that plaintiff was a commission merchant engaged in buying and selling potatoes," but this fact appears for the first time in the evidence. The complaint is silent respecting any such matter. [4] The complaint, as it appears, does not do more than to allege general damages, while evidence was erroneously admitted for the purpose of proving special damages. We may say that sections 6056, 6082, Revised Codes, prescribe rules for the measurement of damages, and not for the construction of pleadings. Respondent cites *Carlson* v. *Stone-Ordean-Wells Co.,* 40 Mont. 434, 107 Pac. 419; *Brazell* v. *Cohn,* 32 Mont. 556, 81 Pac. 339; *Bussard & Robson* v. *Hibler,* 42 Or. 500, 71 Pac. 642; *Johnson* v. *Gilmore,* 6 S. D. 276, 60 N. W. 1070. We do not think these cases sustain respondent's contention. The complaints therein contained some statements which brought the damages claimed within the rule of general damages.

The contract, as alleged in the complaint, is wholly silent [5] as to the time of its performance, and no allegation appears naming any time, and no statement from which any particular time may be inferred, except the statement that the plaintiff offered to receive the potatoes on the 1st of November, 1916. The other party to the contract may have decided upon a different date for performance. If a reasonable time is to be the guide, it should be alleged. In *Borough etc.* v. *Atlantic Coast Elec. Co.*, 68 N. J. L. 73, 52 Atl. 231, the court said: "The plaintiff having demurred, we have examined the pleadings sufficiently to see that the *narr.* itself is bad, in that the time of the material traversable facts is not stated, *viz.*, the time at which the defendant ought to have performed, and the time at which it failed to perform, and the time at which the plaintiff's right of action arose. These allegations are not only required by the rules of correct pleading, but, in a case into which reasonable time enters, they are of the essence of the declaration, not that the plaintiff must prove the actual time sued or fail, but that it may appear what relation time bore to the alleged breach of duty, and that, at least by the plaintiff's own showing, the cause of action had accrued before the commencement of the suit. (Chit. Pl., p. 251; Gould, Pl., sec. 63.") The same rule is announced by the following authorities: 9 Cyc. 725; 13 C. J. 729; *Pope* v. *Terre Haute Car & Mfg. Co.*, 107 N. Y. 61, 13 N. E. 592; *Armstrong* v. *Reide*, 47 Misc. Rep. 609, 94 N. Y. Supp. 434.

Objection is also made to the admission of certain evidence. These questions may not arise on a retrial of this cause. We will say, however, that the facts as presented in this record are not sufficient to justify the admission in evidence of plaintiff's exhibits as against the defendant John B. Vallance, but that the said exhibits were properly admitted in evidence as against the defendant Fred Vallance. That the court erred in directing a verdict for the plaintiff is apparent from the foregoing discussion.

We believe that the judgment and order appealed from should be reversed and the cause remanded for a new trial, and we so recommend.

PER CURIAM: For the reasons given in the foregoing opinion, it is ordered that the judgment and order appealed from be reversed and the cause remanded for a new trial.

*Reversed and remanded.*