SANKEY, APPELLANT, *v.* CHICAGO, MILWAUKEE & ST. PAUL RY. CO., RESPONDENT.

(No. 4,345.)

(Submitted April 15, 1921. Decided May 31, 1921.)

[198 Pac. 544.]

*Carriers—Railways—Delay in Shipment of Freight—Special Damages—Notice of Urgency of Shipment Necessary.*

"General" and "Special" Damages—Definition.
1. "General damages" are such as naturally and necessarily result from the act of which complaint is made; while "special damages" are such as are the natural, but not the necessary, consequences of such act.

Carriers—Delay in Shipment of Freight—Special Damages—Notice to Carrier of Urgency of Shipment Necessary.
2. In order to charge a carrier with special damages arising from delay in the shipment of freight, such as stock feed, notice of the urgency of the shipment must be brought home to the carrier.

Same—Case as Bar.
3. Plaintiff delivered a quantity of stock feed to defendant railway company for shipment to his place of residence, but did not notify it that it was for immediate use, that he was without feed or that the damages claimed by him as having resulted to his stock from failure of prompt shipment might reasonably be expected to flow therefrom. The shipment was not made on the day after receipt because of lack of equipment, nor on the second day, a Sun-

---

1. When shipper is entitled to special damages for delay in shipment, see notes in 128 Am. St. Rep. 588; 131 Am. St. Rep. 169.

Provision in carrier's contract requiring notice of damage or loss as applicable to loss of market value due to delay, see note in 1 A. L. R. 538.

day, no trains being run over the road on Sundays, but was made on the third day. *Held*, that the damages sued for were special, and that, therefore, under the above rule (par. 2) defendant was not liable in the absence of notice of the urgency of the shipment.

*Appeals from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by Elmer Sankey against the Chicago, Milwaukee & St. Paul Railway Company. Verdict for the plaintiff. From an order granting defendant a new trial, plaintiff appeals. Affirmed.

*Mr. E. K. Cheadle,* for Appellant, submitted a brief, and argued the cause orally.

*Messrs. Marshall & Dousman,* for Respondent, submitted a brief; *Mr. Chas. J. Dousman* argued the cause orally.

Citing: 10 C. J. 284, 299; 4 R. C. L. 738, 745; *McGray* v. *Baltimore & Ohio R. R. Co.,* 18 W. Va. 361, 41 Am. Rep. 696; *Wall* v. *Northern Pac. Ry. Co.,* 50 Mont. 122; Michie on Carriers, sec. 933; *Wichita Falls & N. W. Ry. Co.* v. *Cawley Co.,* 172 Pac. 70.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover damages alleged to have been suffered by plaintiff as the result of unreasonable delay on the part of the railway company in making delivery of a shipment of feed. The plaintiff alleges that in February, 1917, he was the owner of 128 hogs, which he was feeding at Hilger, Montana; that he procured his feed at Lewistown and shipped it to Hilger over the defendant's railway; that on February 9 he purchased two tons of ground barley at Lewistown, had it delivered to the railway with proper directions to ship it to Hilger; that defendant accepted the shipment and issued its bill of lading. It is further alleged that the shipment was delivered in ample time on the 9th; that it

should have been shipped to its destination on the 10th, but that the railway company negligently delayed the shipment until the 12th; that plaintiff was without feed for his hogs and was unable to procure feed, with the result that his hogs were injured and delayed in their preparation for market and plaintiff was compelled to feed them for six days additional in order to put them in as good condition as they were on the 10th, to plaintiff's damage in the sum of $200.50, for which amount judgment was demanded. All allegations of negligence or damage were denied in the answer.

The trial of the cause resulted in a verdict in favor of plaintiff for the full amount claimed, and judgment was entered accordingly. Later the court sustained defendant's motion for a new trial, and plaintiff appealed from the order.

The evidence introduced by plaintiff follows closely the allegations of his complaint. Nowhere did he testify or contend that he gave the railway notice, or that it had notice, that the feed was intended for immediate use, that he was without feed, or that the damages claimed might reasonably be expected to result from the delay which ensued. The evidence discloses, on the contrary, that the railway company did not have such notice. It also appears that the 11th of February was Sunday; that the railway company did not run any train on its Hilger branch on Sundays; that it forwarded the shipment on Monday, the 12th, by the second train leaving Lewistown after the shipment was received, and that lack of equipment prevented the shipment on the 10th.

All of the damages claimed by plaintiff are special damages. General damages are such as naturally and necessarily result from the act of which complaint is made. Special damages are such as are the natural, but not the necessary, consequences of the act of which complaint is made. (*Root v. Butle, A. & Pac. Ry. Co.*, 20 Mont. 354, 51 Pac. 155; *O'Brien v. Quinn*, 35 Mont. 441, 90 Pac. 166.)

The authorities are practically uniform in holding that, [2, 3] in order to charge a carrier with special damages

[60 Mont. 242.]

arising from delay in the shipment of freight such as is involved here, notice of the urgency of the shipment must be brought home to the carrier. The decided cases are too numerous to be cited. Reference to many of them will be found in Merriam on Claims between Shippers and Carriers, section 404. In 10 C. J., section 433, page 302, the rule is stated concisely as follows: "One who seeks to recover special damages for breach of a contract of carriage must show that such damages were within the contemplation of both parties to the contract; otherwise he can recover only such damages as in the usual course of things flow from the breach. And he must show notice to the carrier at the time of the shipment of special circumstances from which said damages might arise." (See, also, 4 R. C. L., pp. 936–938; *Daube & Kapp* v. *Chicago, R. I. & T. Ry. Co.,* 39 Tex. Civ. App. 24, 86 S. W. 797.)

Section 6065, Revised Codes, which determines the general damages recoverable in an action of this character, provides: "The detriment caused by a carrier's delay in the delivery of freight is deemed to be in the intrinsic value of the freight during the delay, and also the depreciation, if any, in the market value thereof, otherwise than by reason of a depreciation in its intrinsic value, at the place where it ought to have been delivered, and between the day at which it ought to have been delivered and the day of its actual delivery."

In the absence of some showing that the railway company had notice of the urgency of this shipment, the plaintiff was not entitled to recover special damages, and the court did not err in granting a new trial.

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.