RICKARDS, Respondent, *v.* AULTMAN & TAYLOR MACHINERY CO., Appellant.

(No. 4,880.)

(Submitted September 16, 1922.    Decided October 16, 1922.)

[210 Pac. 82.]

*Contracts—Sales—Breach of Warranty — Remedies — Measure of Damages—Complaint—Sufficiency — General and Special Damages—Pleading—New Trial.*

New Trial Order—Filing After Expiration of Term of Trial Judge—Nullity.

1. An order granting a new trial made by a district court while in office but not filed or entered of record until after the expiration of his term was void, not merely voidable, and therefore except for the purpose of clearing the record, a formal order by his successor setting it aside was not necessary.

[64 Mont. 394.]

Sales—Breach of Warranty—Remedies of Buyer.

2. The purchaser of personal property under a contract of warranty may, for breach of any of the warranties, either rescind the contract and recover the purchase price, retain the property and bring an action for damages for breach of the warranty, or bring an action for fraud.

Same—When Rescission Improper Remedy.

3. Where a contract of purchase of personalty has been fully executed by its delivery to the purchaser and his receipt or acceptance of it, he cannot rescind it.

Same—Breach of Warranty—Allegation of General Damages Sufficient.

4. In an action for breach of a contract of warranty of farm machinery it is not necessary that plaintiff set out the elements constituting his measure of damages, a general allegation of damages being sufficient in the absence of a special demurrer.

Same—Violation of Contract—Damages Recoverable.

5. A violation of a valid contract, unless excusable or justifiable, is an invasion of the injured party's legal rights for which he may recover damages, and in the absence of proof of actual damages recovery may be had for nominal damages.

Same—General Damages—Pleading.

6. General damages, *i. e.*, such as the law implies and presumes to have accrued from the wrong complained of, or such as the law holds to be the necessary result of the action of the defendant, need not be pleaded in special terms.

Same—Special Damages must be Specially Pleaded.

7. Special damages, *viz.*, such as actually and naturally but do not necessarily result from the action of the defendant, must be specially pleaded.

Same—Measure of Damages—Pleading—Demurrer.

8. Where the complaint in an action on a contract does not set up the true measure of damages it may be subject to a special demurrer on that ground, but if it discloses a violation of plaintiff's rights it is good as against a general demurrer and evidence is properly admissible thereunder to show the true measure of damages.

Appeal and Error—New Trial—Review of Evidence Though Not Considered by Successor of Trial Judge.

9. Where the record on appeal contains a bill of exceptions embodying all of the evidence certified as correct by the trial judge, the mere fact that his successor in passing upon a motion for a new trial denied it because no transcript of the evidence had been made which he could consult and the stenographer who reported the trial was no longer in office will not prevent the supreme court from reviewing the evidence as presented by the bill of exceptions.

Sales—Breach of Warranty—Evidence of Damages—Insufficiency.

10. While the elements constituting the true measure of damages for breach of a contract of warranty need not be alleged in the complaint they must be proven, and therefore in the absence of any proof as to the value of machinery at the time to which the warranty referred and its actual value, a verdict in plaintiff's favor was unwarranted.

Same—Breach of Warranty—Failure of Buyer to Return Defective Article Defeats Recovery, When.
11.  Where a contract of sale of farm machinery provides that if the engine or any part does not fulfill its warranties that which failed shall be returned by the buyer, with option in the seller to replace or return the purchase price and rescind, the buyer must show compliance with these terms or waiver thereof by the seller to recover for breach of warranty.

*Appeals from District Court, Fergus County; Jack Briscoe and Rudolph Von Tobel, Judges.*

ACTION by W. H. V. Rickards against the Aultman & Taylor Machinery Company. From a judgment for plaintiff rendered by Judge Jack Briscoe, and from an order denying motion for new trial made by Judge Rudolph Von Tobel, defendant appeals. Judgment and order reversed and cause remanded for new trial.

*Messrs. McKenzie & McKenzie,* for Appellant, submitted a brief; *Mr. John McKenzie* argued the cause orally.

Necessary allegations of complaint on measure of damages in action for breach of warranty: The complaint must allege what the article was worth as well as what it would have been worth if as warranted. (*Plano Mfg. Co.* v. *Richards,* 86 Minn. 94, 90 N. W. 120; *Sogerstrom* v. *Swensen,* 105 Minn. 115, 117 N. W. 478.) It must allege what the machine would have been worth if as warranted. (*Acme Harvesting Co.* v. *Barkley,* 22 S. D. 458, 118 N. W. 690; *J. I. Case Threshing Machine Co.* v. *Gidley,* 28 S. D. 101, 132 N. W. 711.)

Measure of damages: The question is not what the tractor was worth for the purpose of performing the work of plowing or other work which is commonly performed by engines of the size and type of the one in question but what was it worth generally. (*Osborne* v. *Marks,* 33 Minn. 56, 61, 22 N. W. 1.)

If the tractor did not work as warranted and could not be made to so work, plaintiff should have given notice and returned it as provided in the order. Even-handed justice required him to keep their part of the agreement. (*Best Mfg.*

[64 Mont. 394.]
*Co.* v. *Hutton,* 49 Mont. 78, 92, 141 Pac. 653; *Advance-Rumely Threshing Co.* v. *Terpening,* 58 Mont. 507, 193 Pac. 752; *Minnesota Thresher Mfg. Co.* v. *Lincoln,* 4 N. D. 410, 61 N. W. 145.)

Respondent has not pleaded a waiver by appellant of the giving of the notice by the partners, and hence cannot raise the question of waiver in this case. (*J. I. Case Threshing Mach. Co.* v. *Gidley,* 28 S. D. 101, 132 N. W. 711.) A waiver of nonperformance should be specially pleaded. (Phillips on Code Pleading, sec. 434.)

*Mr. E. K. Cheadle,* for Respondent, submitted a brief and argued the cause orally. .

MR. JUSTICE FARR delivered the opinion of the court.

The defendant has appealed to this court from a judgment against it, and from an order denying its motion for a new trial. The case was tried before Judge Jack Briscoe as the presiding judge of the tenth judicial district, with a jury. After the trial and verdict a motion for a new trial was made, and submitted to the court for decision on December 28, 1920, and taken under advisement, and thereafter, and on December 31, 1920, an order was signed by Judge Briscoe purporting to grant the motion, but the order was not filed or entered of record on that day, which was the last day of Judge Briscoe's term of office, but was filed on January 3, 1921, after his term of office had expired. Thereafter Honorable Rudolph Von Tobel who had been elected to succeed Judge Briscoe, and who took office on January 1, 1921, vacated and set aside the order theretofore purported to have been made by Judge Briscoe granting the new trial, and later, and on February 21, 1921, made and entered an order denying the defendant's motion for a new trial.

Defendant assigns as error the order of Judge Von Tobel in [1] vacating the order which Judge Briscoe purported to make granting a new trial. The order which Judge Briscoe

purported to make was void because, when filed and entered, Judge Briscoe was not then the judge of that court. It was not merely a voidable error, but one attempted to be entered without any jurisdiction whatsoever by reason of the expiration of the term of office for which Judge Briscoe had been elected, and therefore it was a nullity. Except for the purpose of clearing the record, there was not any need of any formal order setting it aside. (*Marcellus* v. *Wright,* 61 Mont. 274, 202 Pac. 381.)

The first specification of error alleged is as to the sufficiency of the complaint to state a cause of action. The complaint was not demurred to, and the question of its sufficiency was raised by an objection to the introduction of evidence. The complaint alleges the purchase by plaintiff and one H. S. Englar of the defendant of an Aultman & Taylor 25–40 horse-power engine under a contract entered into with the Grass Range Mercantile Company for the plaintiff and Englar, upon certain warranties mentioned therein; that the plaintiff and Englar ''received the * * * engine * * * and undertook to operate the same in the plowing of ground for which they had a contract, but that the engine failed entirely to perform the work of plowing, * * * and that the said engine was, and ever since has been, * * * entirely worthless and of no value whatever for performing the work of plowing and any other work which is commonly performed by engines of its size and type. That upon the failure of the * * * engine for the performance of the work for which it was designed, and for which the said warranty was given, this plaintiff and the said H. S. Englar offered to return the said engine * * * to the defendant, and demanded from it the return of the purchase price therefor. * * * That * * * Englar sold, assigned, and transferred unto the said plaintiff all of his rights and interest in the said engine and attachments and all his right and claim for damages against the said defendant. * * * That by reason of the failure of the said engine to perform the work for which it

was guaranteed   *   *   *   this plaintiff is damaged in the sum
of $2,800, together with interest.   *   *   *   "

The purchaser of personal property under contract of
[2]  warranty, for breach of any of the warranties, has an
option of one of three remedies: (1) To rescind the contract
if the facts justify it and recover the purchase price; (2) to
retain the property purchased and bring an action for damages
for a breach of the warranty; or (3) to bring an action for
the fraud practiced upon the purchaser. (*Doornbos* v. *Thomas,*
50 Mont. 370, 147 Pac. 277; *Advance-Rumely Threshing Co.*
v. *Terpening,* 58 Mont. 507, 193 Pac. 752.)

It would appear that this complaint was drafted on the
theory that plaintiff had rescinded the contract, and was seek-
ing to recover the purchase price. The complaint, however,
does not state a cause of action upon that theory, because,
according to its allegations, the sale of the engine was complete.
It was not merely an "agreement for sale." The contract
[3]  had been fully executed by the delivery of the engine
to the plaintiff and his receipt or acceptance of it and there-
fore the plaintiff could not rescind it. (Sec. 7624, Rev. Codes
1921; *Advance-Rumely Threshing Co.* v. *Terpening, supra.*)

Plaintiff contends in his brief that the action is for damages
[4, 5]  for "breach of contract in furnishing a defective
machine," and if it can be construed as stating a cause of
action upon any theory, it will be so construed in default of
defendant's having specially demurred thereto. The defendant
urges that the complaint does not state a cause of action for dam-
ages for breach of warranty because of its failure to allege the
elements constituting the plaintiff's measure of damages, if any,
sustained by him, that is: (1) The value that the engine would
have had at the time to which the warranty referred if it had
been complied with; and (2) its actual value at that time, so
that it could be ascertained whether or not the plaintiff had,
in fact, been damaged by reason of the alleged breach of
warranty. There is respectable authority to support this con-
tention that the complaint must not only show that plaintiff

has been damaged, but that it must also contain the true measure of damages. (*Plano Mfg. Co.* v. *Richards*, 86 Minn. 94, 90 N. W. 120; *Sagerstrom* v. *Swensen*, 105 Minn. 115, 117 N. W. 478; *Acme Harvesting Co.* v. *Barkley*, 22 S. D. 458, 118 N. W. 690; *J. I. Case Threshing Machine Co.* v. *Gidley*, 28 S. D. 101, 132 N. W. 711; *Bessemer Ice Delivery Co.* v. *Brannen*, 138 Ala. 157, 35 South. 56; *Acheson* v. *Western Union Tel. Co.*, 96 Cal. 641, 31 Pac. 583; *Gilcrest* v. *Nantker*, 42 Neb. 564, 60 N. W. 906.)

But under our system of pleading a general allegation of damages is sufficient in the absence of a special demurrer. It is settled law that a violation of a valid contract, unless excusable or justifiable under the circumstances, is an invasion of the injured party's legal rights for which he may recover damages, and that in the absence of proof of actual damages recovery may be had for nominal damages. (*Whitelaw* v. *Vallance*, 60 Mont. 172, 198 Pac. 449.)

General damages, that is, such damages as the law implies [6, 7] and presumes to have accrued from the wrong complained of, or such as the law holds to be the necessary result of the action of the defendant, need not be pleaded in special terms. (Sedgwick on Damages, 1261; Chitty on Pleading, 410; 13 Cyc. 15; 5 Ency. Pl. & Pr. 717.) Special damages, that is, those damages which actually and naturally result from the action of the defendant but are not such a necessary result that they will be implied by law, must be specially pleaded in order to be recovered. (*Sankey* v. *Chicago, M. & St. P. Ry. Co.*, 60 Mont. 242, 198 Pac. 544; *Whitelaw* v. *Vallance, supra; O'Brien* v. *Quinn*, 35 Mont. 441, 90 Pac. 166; *Gordon* v. *Northern Pac. Ry. Co.*, 39 Mont. 571, 18 Ann. Cas. 583, 104 Pac. 679.) In order for plaintiff to recover damages, it is not necessary that the true measure of damages be pleaded. If the pleading sets forth facts showing that plaintiff's legal rights have been violated, the law presumes that he has been damaged to some extent. (*Loeb* v. *Kamak*, 1 Mont. 152.)

Where a complaint does not set up the true measure of [8] damages, it may be subject to a special demurrer on that ground, but if it discloses a violation of the plaintiff's legal rights in some respect by the defendant, it is good as against a general demurrer, and evidence is properly admissible thereunder as to the true measure of damages. (*Crum* v. *Thomason* (Tex. Civ. App.), 181 S. W. 805; *Ford* v. *Fargason,* 120 Ga. 708, 48 S. E. 180; *Bank of British Columbia* v. *Port Townsend,* 16 Wash. 450, 47 Pac. 896.) While the complaint falls far short of being a model pleading in stating a cause of action for damages for breach of a contract of warranty, we hold that it is sufficient for that purpose.

The order denying the motion for a new trial recited that [9] "the present judge of department No. 2 of this court not having heard any of the testimony in this case, and no transcript thereof having been made from which the court could become acquainted with the facts of the case, it is hereby ordered that the defendant's motion for a new trial be, and the same is hereby, denied." It is now urged by the plaintiff that the district court, not having read or considered the evidence in ruling on the motion, this court should not do so.

As an excuse for the district court not considering the evidence offered at the trial, it is said that he had no authority to order the stenographer who reported the trial to furnish such copy, because the person who was the official court stenographer at the time of the trial was no longer such; his term of office having expired. The motion was made upon the minutes of the court, and section 9398, Revised Codes of 1921, provides that "The official stenographic report of the trial may be referred to as a part of the minutes of the court."

It is, of course, obvious that for a judge who did not preside at the trial to properly consider a motion for a new trial made upon some of the grounds provided by statute, he would be required to refer to the notes of the trial proceedings. There is not any showing made in this case that Judge Von Tobel was unable to refer to the stenographic notes of the trial pro-

ceedings in this case. The mere fact that the stenographer who reported the trial was not then in office is not in itself a sufficient showing of inability to procure either a reading of the notes or a transcript of them: It does not appear that either the stenographer or the defendant's counsel were requested to furnish a transcript. In fact, it does not appear that any effort whatsoever was made to obtain one. The record filed with this court contains a bill of exceptions settled by Judge Briscoe on March 24, 1921, pursuant to section 6791, Revised Codes of 1907. There was also a certificate to the bill of exceptions by Judge Von Tobel as to the proceedings had in said cause during his term of office, dated March 23, 1921. This bill of exceptions contains all of the evidence, in question and answer form, given at the trial of the case. Why Judge Von Tobel, or defendant's counsel, if the latter had been requested to do so, could not have obtained the same stenographic report of the evidence and proceedings had at the trial, does not appear. The fact that the judge who ruled on the motion did not consider the evidence is no reason why this court should not do so.

Treating the complaint as an action for damages for breach [10] of contract of warranty, the next question presented by the specifications is as to the sufficiency of the evidence to sustain the verdict. While the elements or facts constituting the true measure of damages for breach of a contract of warranty of the quality of personal property need not be alleged, it is elementary that they must be proven, and in this case there is not a word or syllable of evidence in the record as to the value which the engine would have had at the time to which the warranty referred, if it had been complied with, or as to its actual value at that time. The value of the engine was not in any way mentioned by any witness. There was absolutely nothing in the record from which the jury could find what damages, if any, the plaintiff had sustained. In order for them to have found any actual damages for the plaintiff, it was necessary for them to have known, first, the value

of the engine at the time to which the warranty referred, if it had been complied with, and, next, its actual value at that time. The difference between these two values was the damage sustained by plaintiff. (Sec. 8679, Rev. Codes 1921.) Without these values being fixed by competent evidence, the jury could not ascertain the damage.

Other objections are made to the sufficiency of the evidence, [11] but in view of the fact that the judgment and the order appealed from must be reversed and the cause remanded for a new trial because of the insufficiency of the evidence in the respects previously considered, it is not now necessary to do more than to briefly refer to them, as the plaintiff may be able upon another trial of the case to supply the deficiencies. The questions raised by these objections are: (1) As to whether notices were given by the plaintiff to the defendant pursuant to the requirements of the contract, or whether the giving of the notices had been waived; and (2) as to that provision of the contract referring to the return of the engine to the defendant if it could not be made to fulfill the warranty.

The contract provides: "If upon starting, said machinery shall fail in any material respect to fulfill this warranty, the purchasers having followed the printed instructions, rules and hints of the company, written notice by registered letter shall at once and within six days from the date of its first use, be given by the purchasers to. the Aultman & Taylor Machinery Company, at Mansfield, Ohio, stating specifically wherein said machinery fails to fill the warranty. If a remedy cannot be suggested by letter, reasonable time must be allowed the company to send a skilled workman to remedy the defect; the purchasers agreeing to provide every facility for favorable operation and to render all friendly assistance necessary to make the machinery a practical success. If such skilled workman shall fail to make the machinery fulfill the warranty, the purchasers agree to give immediate notice by registered letter or prepaid telegram to the Aultman & Taylor Machinery Company, at Mansfield, Ohio, stating specifically all complaints,

and allow ample time in which to send another expert to the machinery.''

There is not any evidence in the record that the plaintiff, after starting the machinery and after he had come to the conclusion that it failed to fulfill the warranties of the contract, gave any written notice by registered letter to the defendant. He did give notice to a Mr. Schlosser, the salesman, through whom the engine was purchased, on four different occasions. The record is silent as to how the first three of these notices were given, but the last one was in the form of a telegram. There was some evidence to the effect that the defendant had waived the giving of the notices in the manner provided by the contract by its action and conduct in sending out skilled workmen to make adjustments and their endeavors to operate the engine. The evidence as to waiver is not very satisfactory, particularly in view of the fact that the contract expressly provides that ''No    *    *    *    salesman    *    *    * has any authority to change the foregoing warranty or to waive or modify any of the terms or conditions of this contract.'' However, the plaintiff may be able to produce more evidence respecting waiver at another trial.

The contract further provides that ''If any separate machine or attachment cannot thus be made to fulfill the warranty, that which fails shall be returned immediately by the purchasers to the railroad station where it was received, the Aultman & Taylor Machinery Company having the option of replacing said machine or attachments with another, or of returning the portion of money or notes that may have been given for the same, and thereby rescinding the contract *pro tanto* or in whole, as the case may be, and be released from any and all liability.''

This court in the case of *Berlin Machine Works* v. *Midland Coal & Lumber Co.*, 45 Mont. 390, 123 Pac. 396, construing the language of the contract of sale there involved, which provided that, ''In case of rejection of the property or failure to pay as stated herein, consignee shall at once return and

[64 Mont. 394.]

deliver the property in good order to consignor, f. o. b. Beloit, Wis.,'' said: "It was its duty under the contract to return it to the plaintiff f. o. b. Beloit; that is to say, with freight prepaid.    This it expressly agreed to do.   *   *   *   Even if it be admitted that the machine was not in good order when it arrived at Plains, and that it was defective, it was the duty of the defendant, under the express terms of its contract, to either pay for it, or reject it and return it to Beloit, freight prepaid.''

In order for plaintiff to recover in this case, it would be necessary to show either compliance with this provision of the contract or a waiver of it by the defendant.   The complaint does not set out a copy of the contract, but a copy was admitted in evidence, and it would therefore seem that plaintiff should, before a retrial of the case, amend the complaint so as to show either a compliance with this provision or a waiver of it by the defendant.

The judgment and the order appealed from are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.