Barnes v. Barker.

---

THOMAS H. BARNES ET AL., APPELLEES, V. EARL C. BARKER ET AL., APPELLANTS.

FILED FEBRUARY 17, 1925.   No. 23387.

1. Election of Remedies: FORFEITURE AND FORECLOSURE. On account of nonperformance by vendees of a contract to purchase land, forfeiture by vendors and foreclosure of the same contract as a mortgage are inconsistent remedies which cannot be pursued concurrently.

2. ———: ———: PLEADING. A petition by vendors to forfeit a contract for the purchase of land on account of a default on the part of vendees and to foreclose the same contract as a mortgage is demurrable and subject to a motion for an election between

remedies, unless a cause of action is pleaded in the double aspect of pursuing one remedy if the other should fail.

3. **Vendor and Purchaser:** TIME OF PAYMENT. A contract to purchase land, but failing to state when the purchase price shall be paid, implies payment within a reasonable time.

4. ———: ———: PLEADING. In a suit for the foreclosure of a contract to purchase land, but not stating the time for payment of the purchase price, it is incumbent on plaintiffs to plead that the consideration was to be paid on request, which has been made and refused, or within a reasonable time, which has elapsed.

5. ———: SEVERABILITY OF CONTRACT. In an undertaking to purchase two separate tracts of land, severability of the contract for the purposes of performance may be inferred from the apportionment of the consideration to each tract, where there is nothing to indicate a mutual intention to the contrary.

APPEAL from the district court for Box Butte county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*Frost & Kinsinger* and *Eugene Burton,* for appellants.

*Lee Basye, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and GOOD, JJ., REDICK and SHEPHERD, District Judges.

ROSE, J.

According to the petition, this is a suit to forfeit and cancel a contract for the purchase of land and to foreclose the same contract for failure of vendees to comply with its terms. The two inconsistent remedies were not pleaded in the double aspect of pursuing one if the other should fail. The contract was dated July 30, 1918. The vendees were Earl C. Barker and C. L. Ward. The vendors were Thomas H. Barnes and Rose Barnes, his wife. Vendees agreed to purchase two separate quarter-sections of unimproved land in Box Butte county, Nebraska. The purchase price for both tracts was $8,000, but no time for payment thereof was fixed. Cultivation and improvements were declared to be essential elements of the contract. On or before April 1, 1919, vendees were to begin the making of improvements

consisting of a frame house, a barn, and a well, all of the value of $1,500, on each quarter-section, the time for completing the improvements not being specified  An option to pay $1,250 on each tract on or before April 1, 1919, in lieu of the improvements was granted.  Vendees were entitled to a warranty deed conveying a good title upon payment of $4,000 and execution of a mortgage due on or before July 30, 1928, to secure the remainder of the purchase price, but the time to make the payment and to execute the mortgage was not stated.  Vendors, Thomas H. Barnes and Rose Barnes, were named in the contract as parties of the first part, and vendees, Earl C. Barker and C. L. Ward, as parties of the second part.  One paragraph of the contract provides:

"It is mutually agreed that time is an essential element in this contract, and in case of failure of the said second parties to make either of the payments, or to perform any of the covenants on their part hereby made and entered into, this contract shall be, at the option of the parties of the first part, forfeited and determined, and the parties of the second part shall forfeit all payments made by them on this contract, and such payments shall be retained by the first parties in full satisfaction of all damages by them sustained and they shall have the right to reenter and take possession of said premises aforesaid."

Vendors are plaintiffs.  They began this suit against vendees and other interested parties September 26, 1919. A copy of the agreement is a part of the petition.  Vendors pleaded that vendees did not begin the making of improvements April 1, 1919, or at any subsequent time, or in lieu thereof pay $1,250 on each separate tract, though more than a reasonable time for such performance elapsed after April 1, 1919; that vendees failed to pay the purchase price of $8,000, and that vendors exercised their option to declare a forfeiture of the contract.  There was a prayer for a cancelation of the contract and for a foreclosure thereof as a mortgage.

A motion to require vendors to elect between forfeiture and foreclosure and a general demurrer to the petition were overruled.

Vendees filed an answer, in which they admitted the execution of the contract, but denied generally unadmitted allegations of the petition; pleaded compliance by vendees with the terms of the contract, and that they were not in default when sued; alleged that vendors were unable to convey a good title and prevented vendees from making profits to the extent of $8,400 on rentals and resales. The answer also contained a plea that the contract was severable as to each quarter-section of land, that vendees made the stipulated improvements on one tract, and that the time for improving the other tract had been extended and had not expired. The demurrer to the petition was renewed, and there was a prayer for a dismissal of the action and for judgment in favor of vendees for damages in the sum of $8,400.

The district court made findings in favor of vendors, and entered a decree canceling the contract and at the same time foreclosing it as a mortgage. Vendees have appealed.

The judgment below is challenged on the ground that the petition fails to state facts sufficient to constitute a cause of action. This point is of course well taken. It is elementary that forfeiture by vendors of a contract to purchase land on account of nonperformance by vendees and foreclosure of the same contract as a mortgage are inconsistent remedies which cannot be pursued concurrently. In the petition there was no attempt to plead the facts in a double aspect or in the alternative form, or to pursue one remedy if the other should fail. The two remedies were concurrently invoked. In the petition thus drawn the plea for one remedy destroyed the other. Vendees should not have been required to defend two causes of action where one only was possible on the face of the petition. This anomaly in procedure was carried into the trial and is apparent in the decree, notwithstanding the demurrer to the

petition and the motion to require an election between forfeiture and foreclosure.

The petition, considered as a pleading for the forfeiture or the foreclosure of the entire contract, is fatally defective in another respect. The contract did not fix a date for payment of the purchase price of $8,000. While the law implied payment within a reasonable time under the circumstances, it was incumbent on vendors to plead that payment was to be made upon request, which has been refused, or within a reasonable time, which has elapsed,— omitted allegations. The law on this subject has been stated as follows:

"A declaration in an action on a contract which does not state the time at which defendant should have performed it is bad on demurrer. Where no time of performance is specified in a contract, it should be averred that it was to be performed on request or within a reasonable time, and that such request has been made or that a reasonable time has elapsed." 13 C. J. 729, sec. 857.

While it was alleged in the petition that the agreement to commence and complete the improvements was not performed within a reasonable time, this was not equivalent to a plea that a reasonable time for the payment of $8,000 had elapsed before the bringing of the suit. The contract did not provide, nor the petition allege, that the completion of the improvements and the payment of the purchase price were contemporaneous events. There is no tenable ground on which the petition can be sustained.

Even if the allegation that vendors exercised their option to declare a forfeiture of the contract could be disregarded and the action treated as a foreclosure proceeding, the evidence would not sustain the judgment rendered. Improvements on one quarter-section were made according to contract. The evidence so shows and the trial court so found. The right to foreclose the contract as to this tract would not necessarily arise from a failure to make the improvements on the other tract within a reasonable time. The

two quarter-sections were not contiguous. The contract contains on its face inferences of a mutual intention to make it severable as to tracts. After specifically providing for improvements consisting of a house, a barn, and a well, there is a declared purpose to require improvements for "a general farm home on each of the above described tracts of land." In addition, portions of the consideration in the form of improvements, or in lieu thereof payment of $1,250 on each quarter-section, are apportioned to the tracts separately. In connection with the entire contract this may be considered a test of severability. 13 C. J. 563, sec. 528. Another test has been stated as follows:

"Generally speaking, the test is that where there are several undertakings, each supported by a distinct consideration, the contract is severable." *Burwell & Ord I. & P. Co. v. Wilson,* 57 Neb. 396, cited with other cases in 13 C. J. 563, sec. 528.

As to one tract at least there was no sufficient evidence of nonperformance to sustain a judgment for a foreclosure. There was a lack of proof that a reasonable time for payment of the purchase price elapsed before vendees were sued. There is, however, testimony that vendees tendered the purchase price to vendors June 4, 1920, before trial, at a time when the petition failed to state a cause of action, that the tender was refused, and that, if insufficient, a legal tender would have been unavailing. There is no ground in pleading or proof on which the judgment can be sustained. It is therefore reversed and the cause remanded.

REVERSED.

Note—See Election of Remedies, 20 C. J. secs. 10, 41 (1926 Ann.)—Pleading, 31 Cyc. 292; Vendor and Purchaser, 39 Cyc. 1305, 1332, 1896—Contracts, 13 C. J. secs. 528, 857.