## SALT LAKE WET WASH LAUNDRY v. COLORADO ANIMAL BY-PRODUCTS CO.

No. 6505.   Decided July 29, 1943.   (140 P. 2d 344.)

See 17 C. J. S., Contracts, sec. 547; 12 Am. Jur., 854, 41 Am. Jur., 356.

*Moyle, Richards & McKay,* of Salt Lake City, for appellant.

*Dan B. Shields,* of Salt Lake City, for respondent.

WADE, Justice.

Plaintiff the Salt Lake Wet Wash Laundry, brought this action to recover damages for breach of contract, and alleges in substance as follows: That on August 26, 1940, plaintiff and defendant entered into a written contract whereby plaintiff purchased from defendant 100 barrels of refined tallow at $3.25 per hundred weight; that plaintiff made a down payment of $250 and agreed to pay for the balance "as ordered out." That pursuant to the contract on November 23, 1940, December 19, 1940, January 28, 1941 and June 23, 1941, plaintiff ordered and received from defendant a total of 38 barrels. That on June 30, 1941, contrary to the contract, defendant notified plaintiff that it would not deliver any more tallow at the contract price, whereupon plaintiff went into the open market and bought 62 barrels of tallow and agreed to pay therefor 8½c or a total of $2,108, to plaintiff's damage in the sum of $1,250, and ask for judgment in that sum.

The defendant filed a general demurrer and also demurred specially on the ground that it cannot be ascertained from the complaint the time within which plaintiff was obliged to order the tallow. Both demurrers were overruled. Defendant by its answer admitted making an oral contract of sale of 100 barrels of tallow at $3.25 per hundred weight, which plaintiff agreed to order at the rate of eleven barrels per month, all of them to be delivered within 9 months from the date of entering into the contract. Defendant further admitted the delivery of 33 barrels of tallow under the contract. Defendant counterclaimed for the reasonable value of five barrels of tallow delivered June 23, 1941, and alleged that $7.50 per hundred weight was a reasonable value. On the trial the court awarded plaintiff judgment for $1,006.36, with interest at the rate of 8% per annum both before and after judgment, from September 5, 1941. From that judgment defendant appeals.

Defendant contends that both of its demurrers were well taken. The complaint alleges no time limit within which

the tallow must be delivered. It only alleges that the balance was to be "paid for as ordered out" and that is the only provision on that question contained in the contract. This infers that delivery was to be made on order of the plaintiff, and both parties have so interpreted it. There is no time provided in the contract within which the tallow must be ordered or delivered. Where the time element is uncertain the law requires that the goods must be ordered and delivered within a reasonable time, and what is a reasonable time depends on the facts and circumstances.

In order to state a cause of action on a contract the complaint must allege the time within which it must be performed. Where, as here, the contract does not expressly provide such time, the pleader must allege what time is a reasonable time within which to perform. 17 C. J. S., Contracts, p. 1179, § 547; 4 Bancroft, Code Pleading, 4103, § 2287; *Whitelaw* v. *Vallance*, 60 Mont. 172, 198 P. 449; *Evankovich* v. *Howard Pierce, Inc.*, 91 Mont. 344, 8 P. 2d 653; *Pope* v. *Terre Haute Car & Mfg. Co.*, 1887, 107 N. Y. 61, 13 N. E. 592; *Osborne* v. *Lawrence*, 9 Wend., N. Y., 135; *Brunner* v. *Mobile-Gulfport Lumber Co.*, 188 Ala. 248, 66 So. 438; *Winfield Lumber Co.* v. *Partridge*, 202 Ala. 437, 80 So. 821; *Caner* v. *Owners' Realty Co.*, 33 Cal. App. 479, 165 P. 727; *Barnes* v. *Barker*, 113 Neb. 113, 202 N. W. 430; *Radford Grocery Co.* v. *Jamison*, Tex. Civ. App. 1920, 221 S. W. 998. Most of these cases are on slightly different facts but all are to the effect that where an act is to be done under the terms of a contract, and no time is expressly provided for the doing of such act, the law requires that the act must be done within a reasonable time, and under such circumstances in order to state a cause of action the pleader must allege as an ultimate fact what time is a reasonable time. This the plaintiff failed to do and the demurrer should have been sustained.

The only issue raised by the pleading and apparently the only one determined by the court was on the question of what were the terms of the contract. This issue the court

determined in favor of the plaintiff. There was no finding on the question of whether the plaintiff had failed to order the goods within a reasonable time. Under the law if it did so fail then the defendant was under no obligation to deliver the tallow thereafter. This issue was not raised by the pleadings nor determined and as far as appears from the record was not considered. The defendant was entitled to have this issue raised by the complaint, and to have the judgment of the court thereon. The court erred in not sustaining the demurrers.

But one other point need be noticed. Defendant assigns as error the allowance of 8% interest on the damages found, from Sept. 5, 1941, to date of judgment. Plaintiff admits that under Sec. 44-0-1, Utah Code Anno. 1943, only 6% was allowable. If a judgment is awarded on the retrial this should be corrected.

The judgment is reversed, with directions to the trial court to sustain the demurrers to the complaint and allow plaintiff to amend its complaint, and to allow such other pleadings as may be necessary. Costs to appellant.

LARSON, McDONOUGH, and MOFFAT, JJ., concur.

WOLFE, Chief Justice (dissenting).

I dissent. It was not necessary for plaintiff to allege in the complaint that a reasonable time had not elapsed when the defendant notified plaintiff that no more tallow would be furnished under the terms of the contract. This tallow was to be shipped as ordered out. When no time limit is placed by the contract during which the plaintiff must order the tallow, it will be implied that the plaintiff is to order all of the tallow within a reasonable time. However, in such cases the buyer has no way of knowing what the seller considers to be a reasonable time, and the seller can only terminate the period by demanding that the buyer order all of the tallow by such and such a date. The seller may not wait until he considers that a reasonable time has elapsed and

then suddenly refuse further deliveries, but must first demand that the purchaser accept delivery.

This is well illustrated by the case of *Jones* v. *Gibbons*, 8 Ex. 920, 155 English Reprint 1626. The court there held that where the buyer has goods on order "to be delivered as required" and no time for delivery is set by the contract, the seller must demand that the buyer take the goods before the seller can put an end to the contract. In this regard Pollock, C. B., stated:

"No doubt, where a contract is silent as to time, the law implies that it is to be performed within a reasonable time; but there is another maxim of law, viz., that every reasonable condition is also implied; and it seems to me reasonable that the party who seeks to put an end to the contract because the other party has not, within a reasonable time, required him to deliver the goods, should in the first instance inquire of the latter whether he means to have them."

The pleadings in *Jones* v. *Gibbons*, supra, were set out in the case as follows:

"Breach: That the defendant, although requested to do so, did not deliver the iron.

"Plea: That the plaintiff did not, within a reasonable time after the making of the contract, request the defendant to deliver the iron, but after a reasonable time had elapsed.

"Replication: That the plaintiff, so soon as the iron was required by him, requested the defendant to deliver it.

"Demurrer and joinder therein."

In *Pearl Mill Co., Limited* v. *Ivy Tannery Co., Limited*, 88 L. J. K. B. 134, [1919] 1 K. B. 78, the court interpreted the case of Jones v. Gibbons. Rowlatt, J., stated:

"Jones v. Gibbons, was decided upon a demurrer to the replication which raised the question whether the plea was good or bad. The plea simply stated that the plaintiff did not 'within a reasonable time after making of the contract, request the defendant to deliver the iron.' The first point decided was that where goods are to be *delivered as required*, the requirement must be within a reasonable time. The Court further held that if the defendant desired to put an end to the contract on the ground that a reasonable time had expired, he must give notice to that effect. That decision deals with the position where the

only point taken is that the buyer is in default by not asking for delivery within a reasonable time. He may be, consistent with that position, anxious to keep the contract, but if he will not come up to the point of making a demand for delivery the seller can bring him to the point by saying: 'I shall cancel unless you ask for delivery by such and such a day.' *But he cannot bring the contract to an end by doing nothing and merely pleading that a reasonable time has elapsed."* (Italics added.)

McCardie, J., pointed out that Jones v. Gibbons was based on the fact that the contract provided, as does the contract in case at bar, for the delivery of the goods as required. He stated:

"I regard Jones v. Gibbons as well settled and weighty authority * * *. Contracts for the sale of goods frequently require the performance of acts by a vendee before the obligation of delivery falls or becomes imperative upon the vendor. * * * In a contract where the words 'as required' or the like words, do not appear, then upon the passing of a reasonable time the vendee will have lost his right to call upon the vendor to deliver; but where words 'as required' appear a particular duty is cast upon the vendor by virtue of the decision in Jones v. Gibbons. Reasonable time is of course a matter which depends upon the nature of the contract, its terms, the class of goods, the practice of trade, and the general circumstances of the case. In my opinion where the contract is one to which Jones v. Gibbons applies *it is clear that the mere lapse of a reasonable time does not ipso factor deprive the vendee of his rights,* but that rule in no way prevents the operation of the other rules of law which are applicable to contracts. Mere delay or the mere lapse of time is one thing, but an inordinate lapse of time is wholly different. The former may not give rise to the implication of abandonment, the latter may do so." (Italics added.)

The complaint in the instant case alleged that on June 30, 1941, the vendor (defendant) notified the vendee (plaintiff) that no further shipments would be made under the contract. According to the holding in *Jones* v. *Gibbons*, supra, the vendor could not thus put an end to this contract; he first had to request that the vendee take delivery. Thus, it would not be necessary to allege that a reasonable time had not elapsed at the time the vendor refused to make fur-

ther deliveries for the mere lapse of time unless long enough to infer an abandonment, without a demand will not terminate such a contract.

In *Evankovich* v. *Howard Pierce, Inc.,* 91 Mont. 344, 8 P. 2d 653, 656, the contract involved, provided for payment of $75 at the convenience of the buyer. The court held that this was equivalent to a provision for payment within a reasonable time. The complaint did not allege that a reasonable time had not elapsed when the buyer tendered the $75 and demanded delivery of the car which he had agreed to purchase. The court stated:

"As the complaint herein contains no intimation as to what would be a reasonable time within which performance of the contract was required, and, consequently, does not show how long the defendant was required to hold the Chandler car for plaintiff, it would, ordinarily be *held* insufficient to state a cause of action for the breach of the reformed contract. The complaint, however, alleges that, after holding the car 'for several months,' the defendant, in violation of its agreement, and without notice to, or the knowledge of, [the plaintiff], sold the Chandler car, and thereafter, being ready, willing, and able to pay the $75 plaintiff demanded delivery, which delivery was refused."

The court then pointed out that under the statutory law governing pledges in Montana a pledgee could sell the pledged property upon default of the pledgor but before the sale he had to give notice of the sale to the pledgor and demand that the pledgor perform his part of the agreement. The court then went on to say:

"Where, as here, the contract did not set a definite time for performance, but gave to the buyer a reasonable time in which to perform, there is more reason for a strict application of the statutory rules than in the case of a contract specifying a particular time. Here the buyer had no means of knowing what the seller considered a reasonable time, and the seller could only terminate the period by demand at the expiration of a reasonable time.

"As no demand for performance was made upon the plaintiff, a demand which the defendant was required by law to make before it could sell the Chandler car, even without reformation of the contract, it must be deemed that plaintiff's offer to comply with the terms of

the contract was timely, and defendant breached the contract by the unlawful sale of the car before the indefinite period allowed plaintiff had expired."

The court by this language clearly indicated that it felt it was more reasonable and just to require the seller to give notice to the buyer that he considered that a reasonable time had expired and to require that a demand be made that the buyer accept delivery before the "reasonable time" period could be considered to have expired.

Such holding is not in conflict with the general rule stated by the cases cited by Mr. Justice Wade. The general rule is stated in 17 C. J. S., Contracts, § 547, p. 1179, as follows:

"The time when defendant should have performed must be alleged. When the contract specifies no time, it should be alleged that it was to be *performed on a request which has been made*, or within a reasonable time which has elapsed." (Italics added.)

To the same effect see *Barnes* v. *Baker*, 113 Neb. 113, 202 N. W. 430. In the instant case the tallow was to be shipped "as ordered out," that is, it was to be performed on request. The necessity for alleging that a request has been made and refused was obviated by the allegation that the defendant had notified the plaintiff that no further shipments would be made under this contract.

There is no merit to the contention that the complaint should be held bad because of the failure of the plaintiff to allege that the tallow was on order. The complaint alleged that "the balance of said purchase price was to be paid as ordered out," and

"That pursuant to the terms of the contract and thereafter from time to time, and particularly on November 23, 1940, December 19, 1940, January 28, 1941, and June 23, 1941, plaintiff ordered out and received certain of said tallow, making 38 barrels as an aggregate total withdrawn."

While the allegations that the goods were to be shipped as ordered out could well have been in more explicit form, the

fair intendment of these allegations would seem to be that the plaintiff had the tallow on order. A petition challenged by demurrer alleges those things which by reasonable and fair intendment may be implied from the facts stated. *Meeske* v. *Baumann,* 122 Neb. 786, 241 N. W. 550, 83 A. L. R. 131; 41 Am. Jur., 457-8. Certainly it may be implied from the two allegations set out above that the plaintiff had the goods on order.

The complaint as a whole does not indicate on its face that there has been an inordinate delay; it alleges that the tallow was to be shipped on order; that the defendant notified plaintiff on June 30, 1941, that it would not make any further shipments; and that plaintiff was damaged thereby. Those matters which might justify the refusal of the defendant to deliver the tallow as ordered are matters of defense which should be raised by the defendant. The plaintiff is not required to anticipate these various defenses by allegations in the complaint.